ELIZABETH MELTZER, Executrix, etc., Respondent, v. EDWIN N. DOLL et al., Executors, etc., Appellants.

In an action upon a promissory note, given February 21, 1871, for $1,000, by D., defendant's testator, to the firm of M. Bros., plaintiff gave evidence tending to show that the consideration of the note was an agreement on the part of said firm to take up and suspend prosecution, for three months, upon a note, held by them, against one G. M., who had shortly before become an involuntary bankrupt, and was then being prosecuted by some of his creditors. *Held*, that these facts furnished a good consideration for the note in suit.

The defense was, among other things, that the note was merely an accommodation one. P. M., son of G. M., was called as a witness, by defendant, to prove that defense. Upon cross-examination plaintiff was permitted to prove, by him, under objection and exception, a bill of sale, executed to him in January, 1871, by his father, of four hundred tons of coal, and a chattel mortgage, executed by himself to D.; purporting to cover the personal property, aside from the coal, formerly used by G. M. in carrying on the coal business, and on the premises occupied by him for that business. *Held* no error; that the evidence was proper, as showing an intent or motive and so as affecting the credibility of the witness; also as showing the relation of the parties; *i. e.*, that D. had such an interest in the pecuniary condition of G. M. as would naturally induce him to give his own note for the debt of the latter.

Defendant put in evidence a deposition, made before a register in bankruptcy, to prove a debt, in bankruptcy, against G. M. The deposition was to the effect that on March 13, 1871, before the register, came J. M. and G. M., of the firm of M. Bros., and made oath that the person against whom the petition in bankruptcy had been filed was before such filing

and still is "indebted to this deponent," upon a promissory note of $1,000, given for money loaned, and that for said sum deponent had not "had or received any manner of satisfaction or security whatever." The deposition was signed by J. M., alone, and was certified by the register to have been resworn to June 5, 1871. A copy of the note was attached, which corresponded with the note, to extend and secure which the note in suit was alleged to have been given. Defendant thereupon asked to have the complaint dismissed on the ground of failure of consideration, as the note of G. M. was proved in bankruptcy within the three months. The motion was denied. *Held* no error. *First*, it was not conclusive that the two notes were identical ; that no estoppel was worked as against the firm by the fact that a member thereof proved, as his own debt, a note once held by the firm. *Second*, it would seem, from the fact that the deposition was resworn to, after the expiration of the three months, the former verification was defective, and no valid proceedings were instituted within the three months. *Third*, that proof of the debt in bankruptcy would not have been such a proceeding as would have been a breach of the agreement to forbear.

The *ex parte* proof in bankruptcy is not such an adjudication as to the existence of a fact as to legally preclude the person making it from afterward explaining or contradicting the statements contained therein, at least as against one not in a legal sense a party.

Costs were imposed upon defendant, payable out of the estate, because of refusal, on his part, to refer. *Held*, that as defendant was not injured, he could not be heard to complain of the absence of the certificate of the judge who tried the cause required by the Code of Civil Procedure (§ 1836).

(Argued January 27, 1883 ; decided February 9, 1883.)

THERE were three appeals in this action. First appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 11, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict. and affirmed an order denying a motion for a new trial.

Second appeal from an order of said General Term, made May 11, 1882, which affirmed an order of Special Term, denying a motion for a new trial, made on the ground of newly-discovered evidence.

Third appeal from order of said General Term, made May 11, 1882, which affirmed an order of the Special Term, allowing costs to plaintiff, payable out of the estate of defendant's testator.

The nature of the action and the material facts are stated in the opinion.

*Edward Van Ness* for appellants. Evidence must be confined strictly to the issue. (*O'Hagan* v. *Dillon,* 75 N. Y. 170.) Illegal evidence is presumed to injure the party objecting. (*Anderson* v. *Rome,* 54 N. Y. 314.) By admitting the evidence the jury were justified in regarding it as relevant. (*Baird* v. *Gillette,* 4 N. Y. 186; *Neudecker* v. *Kohlberg,* 81 id. 305.) The defendant's motion, at the conclusion of the case, to dismiss the complaint on the ground that plaintiff having proved the note of Merkle in bankruptcy before the three months expired, and before the maturity of the note in suit, discharged the defendants, should have been granted. (*Rosenthall* v. *Plumb,* 25 Hun, 336; Bankrupt Act, § 22, now § 5106; *In re Miller,* 1 N. B. R. 410; *Matthews* v. *Tufts,* 87 N. Y. 568, 570; Brandt on S. and G., § 361; Edwards on Notes [2d ed.], 328, 329.) Plaintiff's evidence in the bankruptcy proceedings imports absolute verity and is positively conclusive on the point that the note in suit was not taken by them on the consideration pretended. (Bankrupt Act, § 5077; *In re Strauss,* 2 B. R. 48; 1 Phillips on Ev. 453, 464 [4th ed.], C. & H. note; *Stewart* v. *Isador,* 5 Abb. Pr. [N. S.] 72; *Clement* v. *Clement,* 37 N. Y. 59; 2. Phillips on Ev.) The defendant's motion for a new trial on the ground of newly-discovered evidence should have been granted. (*Guyott* v. *Butts,* 4 Wend. 579.) The demand that the executors pay the note was improper; all that can be demanded is that the executors admit or reject the claim. Refusing to pay is not disputing the claim. (*Lefever* v. *Van Vechten,* 3 How. 201–2; *Stevenson* v. *Clark,* 12 id. 285.) The summons being at once served, it was the duty of the defendants to resist to the uttermost. (*Knapp* v. *Curtis,* 6 Hill, 388.)

*Frederic A. Ward* for respondent. The note in suit was a new and independent obligation, arising out of an agreement made between Doll and the Meltzers, to which Merkle was not

a party, and given not to secure the payment of that note, but to obtain forbearance upon it for a definite period, and was given for a sufficient consideration. (*Mechs. & F. B'k* v. *Wilson*, 42 N. Y. 438, 442 ; *Burns* v. *Rowland*, 40 Barb. 368 ; *Traders' B'k* v. *Bradner*, 43 id. 392 ; *Platt* v. *Coman*, 37 N. Y. 440, 443 ; *Brooks* v. *Haigh*, 10 Ad. & El. 320 ; *Wilkinson* v. *Oliveria*, 1 Bing. N. C. 490 ; *Howland* v. *Howland*, 20 Penn. St. 303 ; *Smith* v. *Watson*, 14 Vt. 332.) The order granting plaintiff costs against the estate was clearly right. (Code of Civil Procedure, §§ 1836, 3246 ; *Harvey* v. *Kilman's Exr.*, 22 Wend. 571 ; *Field* v. *Field*, 77 N. Y. 296.) The appeal from the order of the General Term affirming the order denying defendants' motion for a new trial on the ground of newly-discovered evidence will not be entertained by this court. (*Scoville* v. *Landon*, 50 N. Y. 686 ; *Lawrence* v. *Ely*, 33 id. 42 ; *Bedell* v. *Chase*, 34 id. 386 ; *Tracy* v. *Altmayer*, 46 id. 598 ; *Dalrymple* v. *Hannam*, 54 id. 654 ; *Daily* v. *Graham*, 48 id. 658 ; *Harris* v. *Burdett*, 73 id. 136.)

RUGER, Ch. J. This action was originally brought by John Meltzer and Gottfried Meltzer, composing the firm Meltzer Bros., upon a note for $1,000 given February 21, 1871, by Nicholas Doll, defendant's testator, to Meltzer Bros., payable three months after date.

After issue joined John Meltzer died, and the action was continued by Gottfried as surviving partner ; he also died, and the present plaintiff, his executor, was then substituted as plaintiff.

The answer raised but two defenses. *First.* The statute of limitations, and *second*, want of consideration in the note, the claim being that it was an accommodation note merely.

The defense of the statute was abandoned on the trial and left, as the sole issue in the case, the question of want of consideration. Much evidence was given on either side upon this question. The plaintiffs attempting to show that the consideration of the note was an agreement on the part of the plaintiffs to take up and suspend prosecution for three months upon a note for

$1,000 then held by them against one George Merkle, falling due February 24, 1871. It appeared that George Merkle had shortly before become an involuntary bankrupt, and was then being prosecuted by some of his creditors. These facts if established would have furnished a good consideration for the note in suit. (*Cary* v. *White,* 52 N. Y. 138; *Pratt* v. *Coman,* 37 id. 440; *The Mechanics & Farmers' B'k* v. *Wixson,* 42 id. 438.) The defendants gave evidence tending to controvert this evidence of the plaintiff, and to show that the note sued upon was given by defendants' testator to Meltzer Bros. as an accommodation note. The jury upon this conflicting evidence could well have found for either of the parties. They seemed to have placed the greatest reliance upon the plaintiff's evidence, as they had the right to do, and we cannot disturb their verdict. The judgment and order denying a motion for a new trial upon the minutes must be affirmed unless there was some error committed on the trial to which exception was taken.

Upon the trial there was exhibited by plaintiff's counsel to one Philip Merkle, on his cross-examination, a bill of sale, dated January 14, 1871, from George Merkle to Philip Merkle of four hundred tons of coal located at the corner of Lorimer and Montrose avenues in Brooklyn, and purporting to be for a consideration of $3,500, and he was asked if that was made to him? This was objected to by the defendants as irrelevant and impertinent. The objection was overruled and the defendant excepted. He answered that it was. The bill of sale was then offered in evidence. This was objected to by defendant as irrelevant and impertinent. The court overruled the objection and defendants excepted. Immediately following this the plaintiff produced a chattel mortgage from Philip Merkle, the witness, to defendants' testator, Nicholas Doll, for $5,000, dated January 16, 1871, and purporting to cover the personal property, aside from the above coal, on the premises, at the corner of Lorimer and Montrose avenues in Brooklyn, and apparently being the property formerly used in carrying on the coal business at that locality by George Merkle, and after proving the same by the witness under objection offered it in evidence.

The defendants objected to its admissibility upon the ground that it was irrelevant and immaterial. The court overruled the objection and the defendants excepted. These exceptions are now urged to procure a reversal of the judgment. We do not think they were well taken. It was competent for the plaintiff to show an intent or motive on the part of the witness in testifying as he did on the trial which might affect his credibility before the jury. The fact, that he became the vendee of his father for a large amount of property on the eve of the latter's bankruptcy, and immediately thereafter became the debtor of the defendants' testator for a large sum, might well tend to show an interest in defeating the collection of the note in question from Doll's estate, inasmuch as it would increase the claims of that estate upon the estate of George Merkle. We think also that the evidence was admissible upon the ground that it was competent for the plaintiff to show the situation and relation of the parties as bearing upon the question, whether Doll, under all of the circumstances, had such an interest in Merkle's pecuniary condition as would naturally induce him to give his own note for the debt of Merkle.

The issue, which was sharply contested, was whether the note sued upon was given for Meltzer Bros'. accommodation, or to induce the Meltzers to refrain from a prosecution of Merkle while he was embarrassed by a hostile proceeding in bankruptcy? Would such a prosecution threaten to involve the interest of Doll to such an extent that he would be likely to incur some liability in order to induce the Meltzer Bros. not to join in that proceeding? It was in proof that one of the alleged acts of bankruptcy committed by George Merkle was the giving of a chattel mortgage to Nicholas Doll, which was claimed to be an illegal preference. We think the evidence in question legitimately bore strongly upon the probabilities of the theory supported by the plaintiff's evidence, and was properly received.

The defendant put in evidence a deposition by John Meltzer, one of the firm of Meltzer Bros., made before a register in bankruptcy, with a view of proving a debt in bankruptcy

against George Merkle, purporting in the body thereof to have been sworn to on the 13th day of March, 1871, but certified by the register to be re-sworn to on the 13th day of June, 1871. The portion of this deposition which it is material to the inquiry under discussion to consider is as follows: "On the 13th day of March, A. D., before me came John Meltzer and G. Meltzer, of the firm of Meltzer Bros., in the county of Kings and State of New York, and made oath, and says that the said George Merkle, the person against whom a petition for adjudication of bankruptcy has been filed, at and before the filing of the said petition was and still is justly and truly indebted to *this deponent* in the sum of $1,000 for money loaned, for which he gave his note, payable on the 24th day of February, 1871 (copy hereunto annexed), and original shown, marked D. C. W. Said money was loaned by us on November 21, 1870, for which said sum of $1,000, or any part thereof, this deponent says that *he* has not, nor has any person by his order or to this deponent's knowledge or belief, for *his* use, had or received any manner of satisfaction or security whatever." The formal facts of a proof of debt followed, after which the deposition is signed and certified as follows:

"JOHN MELTZER, Deposing Creditor.

"Subscribed and sworn to before me,

"D. C. WINSLOW, Register in Bankruptcy.

"Re-sworn June 5, 1871.

"D. C. WINSLOW, Reg."

Attached to this deposition is a copy of a note dated November 21, 1870, for $1,000, payable three months after date to Meltzer Bros., and signed Geo. Merkle. The introduction of this deposition closed the evidence, and thereupon the defendants asked the court to dismiss the complaint on the ground that, "before the three months expired on which they claim the note in suit was given, the plaintiff proved the note of Merkle in bankruptcy, therefore it was a failure of consideration." This motion the court denied, and the defendants excepted. We think the defendants were not entitled to the rul-

ing asked for. While it was competent for one member of a firm, on behalf of the firm, to prove a debt in bankruptcy due to the firm, yet in order to make it conclusively appear to be the debt of the firm, the deposition should so state. When such a deposition is made by one person, and he states the debt to be due to himself individually, we know of no rule of construction by which we can be required to hold that he has proved a firm debt. This deposition must be held to be the act of John Meltzer alone, and where the word " deponent " is used in it to refer to the person, and to that person alone, who makes the deposition. If this note which John Meltzer testi- fied was due to himself individually, and that he had no man- ner of security therefor, can here be assumed to be the note of similar date and amount which was shown to have been at one time held by Meltzer Bros., and for which they probably did hold some security, or if we are bound to assume that there had been no arrangement made between Doll and the Meltzer Bros. by which John became the individual owner of the orig- inal Merkle note, it would present very strong evidence for the consideration of the jury upon the question as to whether the Doll note was given as an accommodation note or not, and also upon the incidental issue as to whether the Doll note was given to secure the payment of the Merkle note to the Meltzer Bros. The jury had this evidence before them, presumably gave it such weight as they thought it entitled to, and for some reason found a verdict against the defendants' theory of the transaction. Their verdict might properly have been placed upon the ground that the two notes were not identical, and perhaps upon the ground that the note had by some ar- rangement become the property of John Meltzer. There is no method by which we can determine the theory upon which they based their verdict.

We cannot assume, upon the facts shown by this record, that the note, to extend payment of which the note in suit was given, is the same note described in John Meltzer's deposition in bankruptcy as belonging to him, nor, but that John Melt- zer had become the lawful owner of the Merkle note. It is not

even impossible but that two notes for the same amount were given by George Merkle to the Meltzer Brothers on the same day. No evidence was given from which we are precluded from drawing such an inference, if necessary to support this judgment. These facts do not present a question of law such alone as it is the province of this court to consider.

No estoppel as against the representatives of the Meltzer Bros. in favor of the defendants here, is worked by the fact that John Meltzer proved in bankruptcy as his own debt a note once held by the firm against George Merkle.

The *ex-parte* proof in bankruptcy is not such an adjudication as to the existence of a fact as to legally preclude the person making it from afterward explaining or contradicting the statement therein contained, especially as against one who was not in a legal sense a party to that proceeding. It is of the essence of an estoppel by adjudication that it should be mutual.

*Second.* It would seem from the fact that this deposition was re-sworn to on the 5th day of June, 1871, more than three months after the agreement to forbear, that the former verification, if any was made, was defective. It would necessarily follow from this fact that no valid proceeding had been taken by the Meltzers upon their note within the three months delay agreed upon between Doll and the Meltzers.

*Third.* We are further of the opinion that the proof of the debt in bankruptcy by the Meltzer Bros. would not have been such a proceeding upon the note in question as would have been a breach of their agreement with Doll to forbear prosecution of the Merkle note ; such a proceeding, being for the benefit of Doll alone, we might well presume, was taken at his request.

The questions discussed cover all of the exceptions taken on the trial, and the views we entertain of them lead to affirmance of the judgment, and the order denying the motion for a new trial upon the minutes.

The appeal from the order denying the defendants' motion for a new trial upon newly-discovered evidence should be dismissed.

We have repeatedly held that such an order is not appealable.

An appeal was also taken by the defendant from an order imposing costs in the action upon the estate of his testator. This order was granted under sections 1835 and 1836 of the Code of Civil Procedure for the reason that the defendants had refused to refer the claim. Two objections were made to this order.

*First.* It is said that the evidence did not establish an offer and refusal to refer. We have examined the affidavits used on the motion, and think that not only as to the fact of an offer and refusal to refer, but as to the form of the offer, they tended to establish all that the law required. It is true that the defendants' affidavits controverted the fact as to an offer and refusal, but this made simply a question of fact which the Special Term have decided, and their decision is conclusive upon us.

*Second.* The order in this case exempts the executor from the payment of costs personally, and he is not, therefore, injured and cannot be heard to complain of the absence of the certificate of the judge or referee who tried the case.

The order should be affirmed.

All concur.

Judgment and order accordingly.