(47 Misc. Rep. 292.)

### KEELER v. SEAMAN.

(Supreme Court, Special Term, New York County. May, 1905.)

1. FRAUD—MAKING OF FRAUDULENT REPRESENTATION.

In order to entitle one to maintain an action for fraud and deceit, it is neither necessary that the false representation shall have been made directly to him, nor that it shall have been made by defendant personally, but it is sufficient that defendant authorized it to be made.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, § 9.]

2. SAME—NATURE OF REPRESENTATIONS—CORPORATION PROSPECTUS.

Any one who acts upon a representation containing false statements as to the solvency and prosperity of a corporation, made to the public at large for the purpose of inducing a purchase of stock in such corporation, and who suffers loss thereby, may sue for damages.

3. SAME—PLEADING—SUFFICIENCY.

A complaint for fraud and deceit in inducing a purchase of stock of a corporation of which defendant was treasurer, alleged that the directors, by declaring dividends, represented to the public that the company was making surplus earnings; that defendant was instrumental in causing notice of the declaration to be publicly advertised; that he knew that certain statements in the advertisement were false; that he authorized a firm of stockbrokers to state to intending purchasers of stock that the net earnings of the corporation amounted to a certain sum; that such statement was false, to the knowledge of defendant, and was made with intent to deceive purchasers; that defendant co-operated with the president and directors of the corporation to perpetrate a fraud by circulating false statements as to the corporation's financial condition; and that plaintiff's assignor purchased stock in reliance upon the truth of such statements, and suffered loss in consequence thereof. *Held*, that a demurrer on the ground of general insufficiency of the complaint would be overruled.

Action by George W. Keeler against Frank Seaman, impleaded with others. On demurrer to the complaint. Overruled.

Otis & Pressinger, for plaintiff.

Waldo G. Morse, for defendant Seaman.

SCOTT, J.    In this action for damages for fraud and deceit the defendant Seaman demurs for general insufficiency of the complaint. It is alleged that the demurring defendant was treasurer of the National Gramaphone Corporation, but it is not alleged that he was a director. It is alleged that at a certain meeting of the directors of the corporation, at which it is not .alleged that defendant Seaman was present, a resolution was adopted declaring monthly dividends of 1 per cent. each, payable out of earnings, for the months of March and April, 1899 ; that said dividends were not made from surplus profits arising from the business of the corporation, to the knowledge of the defendants; that notice of the declaration of the dividend was, at the instance of the directors and of the defendant Seaman, published in certain newspapers; that said notice was false, to the knowledge of defendants in material particulars; that in order to realize funds with which to pay said dividends, the directors issued to a certain firm of stockbrokers certificates signed by the defendant Seaman, exchangeable for the stock of the corporation, and representing 500 shares of stock, on which, with the knowledge of the defendant Seaman, the said firm of brokers were given an option at 60 cents on the dollar; that the defendants, including Seaman, authorized said brokers to state to intended purchasers of said stock that the net earnings of said corporation amounted to more than 1 per cent. a month upon its capital stock, and that such statements were accordingly made by said brokers to plaintiff's assignors ; that said statements were false, to the knowledge of defendants, and were made with the intent to deceive intending purchasers of said stock, including plaintiff's assignors, by leading them to believe that said corporation was doing a highly prosperous business, when it was in fact doing a losing business; that, following upon the statements of the company's prosperity, the market price of the stock largely advanced, said advance being due to the fact that the public believed that the company was doing a profitable business, and that the dividends were declared from surplus profits ; that the defendant Seaman, as treasurer of the corporation, knowingly paid the dividends out of the money realized from the sale of the stock, and not from the surplus profits of the business; that at or about the time of the declaration of the said dividends, the directors of the corporation, with the concurrence and co-operation of defendant Seaman, caused a statement to be circulated among the public, to the effect that the corporation had been organized in the year 1890, and that since November, 1897, it had paid 17 consecutive cash dividends of $8,000 each; that said statements were false, to the knowledge of defendants, and were made with intent to deceive prospective purchasers of the stock of the corporation; that during the years 1899 and 1900 plaintiff's assignors purchased 95 shares of said stock, at the aggregate price or sum of $6,737.50 ; that said Tobey (plaintiff's assignor) purchased said stock in the belief that the statements so made by the directors were true, and that said directors were honestly conducting the affairs of said corporation, and that the dividends so declared by the corporation were made and paid from the surplus profits arising from the business of said corporation ; That the stock of the said corporation is now worthless, and that plaintiff's assignor has been damaged in the amount paid by him for

said stock, less some small dividends received; that the moneys so expended by him in the purchase of the stock were so expended in reliance upon the honesty of said directors, and of said Seaman as treasurer, in the management of the affairs of the corporation, and in the statements made by the directors, as aforesaid, and in the belief that the dividends had been made and paid from the surplus profits of the corporation.

In order to maintain an action for damages for misrepresentation and deceit, it is not necessary either that the false representations shall be made directly to the plaintiff by the defendant, or that it shall have been made to any one by the defendant personally, for if he shall have authorized and caused it to be made, it is the same as though he had made it himself. So if any person makes or causes to be made to the public at large, for the purpose of inducing purchases of the stock of a corporation, false statements as to the solvency and prosperity of the corporation, any person acting upon such representations and suffering loss thereby may prosecute his action for damages. Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376. The elements of an action for false representations were tersely stated by Chief Justice Church to be "representation, falsity, scienter, deception, and injury." Arthur v. Griswold, 55 N. Y. 400. In order to sustain the complaint against the demurring defendant, it must be found to contain allegations that he made, or caused to be made, certain representations; that they were false; that he knew them to be false; that plaintiff's assignor became cognizant of the representations; that he relied and acted upon them, and was thereby deceived; and that he suffered injury in consequence thereof. The principal false representation charged is that the directors of the corporation, by the very act of declaring dividends payable out of earnings, represented to the public that the company was making surplus earnings, and was consequently prosperous; and it is strongly urged that since Seaman was not a director, he is not chargeable with any representations to be inferred from the declaration of the dividend. The very nature of his office, however, imputes to him knowledge of the financial condition of the company, and it is directly charged in the fourth paragraph of the complaint that he was instrumental in causing notice of the declaration of the dividend to be advertised, and that he knew that certain statements contained in the advertisement were false. It is further distinctly charged in the fifth paragraph that "the defendants," which include Seaman, authorized the firm of stockbrokers to state to intending purchasers of said stock that the net earnings of the corporation amounted to more than 1 per cent. per month upon its capital stock, and that such statement was false, to the knowledge of defendants, including Seaman, and were made with intent to deceive intending purchasers. There are other allegations in the complaint charging, in effect, that this demurring defendant actively co-operated with the president and directors of the corporation to perpetrate a fraud upon possible purchasers of the company's stock by circulating, and causing to be circulated, false and misleading statements as to the financial condition of the corporation. That plaintiff's assignor learned of these false statements, and was influenced thereby, and purchased stock in reliance upon the truth there-

of, is also sufficiently alleged, as is also the fact that he suffered loss in consequence of his reliance. It is not difficult to find in the complaint every element necessary to establish a cause of action for false pretenses, and the demurring defendant is clearly charged with participation in the fraud.

It follows that the demurrer must be overruled, with costs, with leave to defendant to withdraw his demurrer and answer within 20 days, upon payment of costs,

Demurrer overruled, with costs, with leave to defendant to withdraw and answer within 20 days, upon payment of costs.