VAN SLOCHEM v. VILLARD et al.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. CORPORATIONS (§ 149*)—BONA FIDE PURCHASER OF STOCK—LIABILITY.

A bona fide purchaser, for value and without notice, of stock issued as paid up, is not liable thereon to the corporation or its creditors, though the stock is not actually paid up.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 539–546; Dec. Dig. § 149.*]

2. PLEADING (§ 214*)—DEMURRER—ADMISSIONS.

On demurrer to the complaint, the court must take as true the allegations of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. FRAUD (§ 11*)—SALES OF CORPORATE STOCK.

A representation by the officers of a corporation, organized under the laws of a sister state prohibiting corporations from issuing stock, except for money paid, labor done, or property acquired, received as its actual value at the time, that stock issued had been fully paid up is a statement of an extrinsic fact, and a purchaser of stock may rely thereon, and sue for the fraud, based on the fact that the corporation issued over $11,000,-000 of its $12,000,000 capital for property or property rights which the officers knew to be worthless, or substantially so, though on the question of value a purchaser must rely on his own judgment, while in regard to any extrinsic fact, affecting quality or value, he may rely on the assurances of the vendor, and if he does so, and the assurances are fraudulently made to induce him to make the contract, he may sue for the injuries sustained.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 12, 13; Dec. Dig. § 11.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Herman Van Slochem against Harold G. Villard and others. From an order overruling a demurrer to the complaint, defendant named appeals. Affirmed.

See, also, 151 App. Div. 938, 135 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Abram I. Elkus, of New York City, for appellant.
Henry L. Scheuerman, of New York City, for respondent.

SCOTT, J. The plaintiff sues as assignee of one Van Gelder, who bought from the British Columbia Railway & Development Company 8,000 shares of its capital stock (par value $25 each) for $80,000. The defendants are or were officers and directors of the company. The complaint alleges that the company, a Delaware corporation, was organized with a share capital of $12,000,000, divided into 480,-000 shares, at $25 each. It quotes the Constitution of Delaware to the effect that:

"No corporation shall issue stock, except for money paid, labor done, or personal property or real estate, or leases thereof actually acquired by such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

corporation, and neither labor nor property shall be received in payment of stock at a greater price than the actual value at the time the said labor was done, or property delivered or title acquired."

It alleges that the company started business with a cash capital of $1,000, the proceeds of 40 shares of stock sold at par. It then alleges that defendants entered into a conspiracy to rob the public, and in pursuance thereof issued all the remaining stock, to wit, $11,999,-000 to defendant Wolkenstein for—

"property or alleged property rights claimed to be owned by Wolkenstein. which the defendants and each of them well knew were not worth said sum, * * * but which the defendants and each of them knew to be worthless, or substantially worthless."

It is alleged that it was part of the conspiracy that said Wolkenstein should give to each of the other defendants 2,000 shares of the stock, and that the remainder, or a portion thereof, should be sold to the public for whatever price could be obtained as fully paid and nonassessable stock, whereas the defendants and each of them well knew that the stock was not full paid and was not nonassessable. It is reiterated that the stock was issued to Wolkenstein for property which defendants knew to be worthless, or substantially worthless, and it is alleged that they adopted forms of certificates reciting on the face thereof that the stock was fully paid and nonassessable. It is alleged that a part of this stock was returned to the treasury of the company, and Wolkenstein was authorized to offer it for sale to the public. The final allegation is that defendants, acting through Wolkenstein, sold the 8,000 shares of stock to Van Gelder, and that in order to induce him to purchase they represented "that the same had been fully paid and were nonassessable and of great value, whereas in truth and fact, as the defendants well knew, the shares had not been fully paid, were assessable, and were worthless," and that Van Gelder relied upon these representations and believed them to be true, and, so relying and believing, purchased them.

[1] So far as concerns the representation that the stock was nonassessable, it may very well be that it was not, strictly speaking, false; for it is alleged that the plaintiff acquired the stock for value, and it is to be assumed that he was without notice of the facts he now alleges. The rule in such case seems to be that:

"A bona fide purchaser for value and without notice of stock issued as paid up cannot be held liable on such stock in any way, either to the corporation, corporate creditors, or other persons, even though the stock was not actually paid up as represented." Cook on Corporations (6th Ed.) § 50.

[2, 3] A different question is presented as to the allegations that the stock "had been fully paid" and was "of great value." If we take the allegations of the complaint as true, as we must do on demurrer, the stock was far from being full paid, because it had been issued to the extent of $11,999,000 for—

"property or alleged property rights which the defendants and each of them knew to be worthless, or substantially worthless."

It is manifest that this does not constitute full payment. The statement respecting this corporation that the stock had been fully paid implied that it has been issued for money or labor done or property acquired by the corporation, and that neither the labor nor property had been received in payment of stock at a greater price than the actual value at the time the said labor was done, or property delivered, or title acquired; for this is alleged to have been the requirement of the Constitution of the state of Delaware wherein the corporation was organized, and the purchaser was certainly entitled to rely upon the statement that the stock was fully paid as including a statement that it had been lawfully issued as full-paid stock. Manifestly, according to the allegations of the complaint, it had not been, and the statement that it had been so issued was false.

Ordinarily the assertion by a vendor that the property sold is "valuable," or "of great value," or "very valuable," will be considered as the expression of an opinion, rather than as the representation of a fact. In Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523, it was held that all statements by a vendor of the value of property sold are not mere matters of opinion; and if he, knowing them to be untrue, makes them with the intention of misleading the vendee, and if the latter has not equal means of knowledge, and is induced to forbear inquiries which he otherwise would have made, and relying upon such statements is misled to his injury, he may avoid the contract or recover damages for the injury. See note to Ellis v. Andrews, 56 N. Y. 83, 15 Am. Rep. 379. In Ellis v. Andrews the court said:

"Upon the question of value the purchaser must rely upon his own judgment, and it is his folly to rely upon the representations of the vendor in that respect; but in regard to any *extrinsic* fact affecting the quality or value of the subject of the contract he may rely upon the assurances of the vendor, and if he does so rely, and the assurances are fraudulently made to induce him to make the contract, he may have an action for the injury sustained."

This statement of the law applies to the present case. The statement that the stock had been fully paid was a statement regarding an extrinsic fact, and was made with a view to inducing the public, including plaintiff's assignor, to purchase the stock. It was false. Whether it was true or false must have had an important bearing on the value of the stock, and the false statement in that regard cannot have failed to affect the vendee's judgment of the value of the stock which he bought. The disposition at the present day is to hold directors of corporations to a strict accountability for false statements made for the purpose of inducing the public to purchase stocks at much more than their real value. See Ottinger v. Bennett, 144 App. Div. 525, 532, 129 N. Y. Supp. 819; Id., 203 N. Y. 554, 96 N. E. 1123. It is not our purpose to relax the rule in that respect. We are therefore of the opinion that the complaint sufficiently states a cause of action.

The order appealed from will therefore be affirmed, with $10 costs and disbursements, with leave to the appellant to withdraw the demurrer and answer within 20 days, upon payment of costs in this court and in the court below.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. DOWLING, J., dissents.

