EDWARD HOBAICA, by ABRAM HOBAICA, His Guardian ad Litem, Plaintiff, *v.* JAMES BYRNE, Defendant.

Supreme Court, Onondaga Special Term, April 3, 1924.

Fraud and deceit — action for damages for fraud in inducing plaintiff to make contract to refrain from enforcing collection of judgment — false statement of defendant, upon which plaintiff was induced to rely, deemed to constitute fraud — complaint states cause of action — agreement predicated on valid consideration — defendant's adjudication in bankruptcy not bar to maintenance of action.

Where one, for the purpose of inducing another to enter into a contract with him, intentionally makes a false statement of what he intends to do and will do, such statement constitutes fraud, and if the party to whom it was made relies thereon, it will sustain an action for damages.

Accordingly, a complaint in an action to recover damages for fraud in inducing the plaintiff to make a contract to refrain from enforcing collection of a judgment and extending the time of its payment states a cause of action where it appears that defendant promised the plaintiff that the judgment would be paid in the event it was affirmed by the Appellate Division; that pending the determination of the appeal plaintiff agreed to refrain from applying for the appointment of a receiver and from perfecting execution on the judgment in reliance on defendant's false representations; and where defendant, subsequent to the affirmance of plaintiff's judgment by the Appellate Division, filed a voluntary petition in bankruptcy, listing plaintiff's judgment as one of his liabilities.

Plaintiff's forbearance to exercise a legal right at the request of defendant was a sufficient consideration to uphold the promise.

Defendant's adjudication in bankruptcy is not a bar to the maintenance of plaintiff's cause of action since the claim set forth in the complaint is for a willful and malicious fraud, involving moral turpitude and intentional wrong and the cause of action arose subsequent to the filing of the petition in bankruptcy.

MOTION by defendant for judgment because of the alleged insufficiency of the complaint.

*William F. Dowling,* for the plaintiff.

*William R. Goldbas,* for the defendant.

EDGCOMB, J. Defendant is a physician and surgeon residing in Utica. On May 13, 1922, plaintiff entered judgment against him in the county clerk's office of Oneida county in a malpractice action. The judgment was affirmed by the Appellate Division January 12, 1923. On the nineteenth of March following the defendant filed a voluntary petition in bankruptcy, and was duly adjudicated a bankrupt. He listed in his schedules the judgment as one of his liabilities. Plaintiff never proved his claim in the bankruptcy proceeding. The question of defendant's right to be discharged from the obligation of this judgment was raised, but was decided adversely to the plaintiff. On February 7, 1924, defendant was released from the obligation of all provable debts which existed on March 19, 1923, the day the petition was filed.

After such discharge plaintiff started this action, the sufficiency of which complaint defendant challenges. The action is one on the case for deceit, and is brought to recover damages for fraud in inducing the plaintiff to make a contract to refrain from enforcing collection of said judgment, and extending the time of its payment. An alleged tort and not a contract is the basis of this action. Plaintiff claims that through a guileful artifice he was tricked and led into making such agreement. The complaint alleges that after the defendant had taken an appeal to the Appellate Division he was examined in supplementary proceedings, and testified that he was possessed of personal property of the value of $4,200, against which there were no liens or incumbrances, and that the plaintiff then informed the defendant that unless said judgment was paid an application would be made for the appointment of a receiver, and an execution would be issued and levied against such property, whereupon the defendant " wilfully, maliciously, wrongfully and fraudulently, intending to cheat and defraud the plaintiff," promised to pay said judgment, in event that it was affirmed by the Appellate Division, together with interest and costs, if the plaintiff would refrain from applying for a receiver, or issuing an execution, and would extend defendant's time within which to pay such judgment until the decision of the Appellate Division. The complaint further alleges that the plaintiff not only relied upon such promise, but believed that it was made in good faith, and that defendant intended to live up to it, and that, in consideration thereof, plaintiff extended defendant's time within which to pay the judgment until the decision upon appeal, and refrained from applying for the appointment of a receiver or issuing an execution and levying on said property. The complaint contains a further allegation that the defendant " wrongfully, maliciously, and wilfully intended not to carry out the terms and provisions of said agreement, and intended not to

pay said judgment, or no part thereof, if the same were affirmed upon appeal, and wrongfully, wilfully and maliciously intended at the time he made such promise and agreement to dispose of or divest himself of said property, or a greater part thereof, and file a petition in bankruptcy, and be relieved of said judgment, interest, and costs, if said judgment were affirmed on appeal, and wrongfully, wilfully and maliciously intended and proposed to cheat and defraud this plaintiff, in the event of the affirmance of said judgment, out of said judgment;" and again, "the defendant wrongfully, wilfully, fraudulently and maliciously refused to pay said judgment, and interest thereon, or the cost in said Appellate court, or any part thereof, and defendant thereupon wrongfully, wilfully, maliciously and fraudulently, in order to carry out his fraudulent scheme, divested himself of the greater part of the assets discovered in said proceeding supplementary to execution, and wrongfully, wilfully, maliciously and fraudulently thereupon, and on or about March 20, 1923, filed a voluntary petition in bankruptcy in and for the Northern District of New York, and was adjudicated a bankrupt."

Defendant takes exception to the sufficiency of the complaint, and asks for judgment, claiming that the facts stated in the pleading do not constitute a cause of action, and that the discharge in bankruptcy granted the defendant terminated his liability on the original judgment, and is a bar to the maintenance of this action.

We must assume on this motion that all the allegations of the complaint are true, and we need not concern ourselves with the ability of plaintiff to prove his various assertions. *Cortright* v. *Anderson,* 202 N. Y. Supp. 729.

Taking the allegations of the complaint at their face value, I think that the pleading states a good cause of action.

The rule is well settled that one is liable for his false representations, if known to be such, and if they were intended and calculated to deceive another, or if in reality they do deceive another into acting in reliance upon them to his injury. One who is led to make a contract by false representations of another has a cause of action against the latter for the damages sustained by reason of such wrong. *Brackett* v. *Griswold,* 112 N. Y. 454; *Kujek* v. *Goldman,* 150 id. 176; *Ottinger* v. *Bennett,* 203 id. 554, decided upon the dissenting opinion of Miller, J., in 144 App. Div. 525.

Defendant urges that the complaint is faulty because there is no allegation of any misrepresentation concerning a material existing fact; that at best the alleged misstatement was nothing more than a promise to perform some act in the future, and that such an assurance does not amount to legal fraud, although sub-

sequently broken without excuse. It is true that the mere failure to keep one's promise, even if the promisor has no excuse for his failure so to do, cannot be made the basis of an action in fraud. But where one, for the purpose of inducing another to enter into a contract with him, intentionally makes a false statement of what he intends to and will do, such statement constitutes fraud, if the party to whom it was made relies thereon, and will sustain an action for damages. *Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 id. 464.

In other words, a person's existing intent shows his state of mind, and a person's state of mind is an existing fact, and when one asserts that he intends to or will do a certain thing in the future, when in fact he has no such intention, that is a statement of an existing fact and not a recital simply promissory in its nature.

There was a valid consideration for the agreement set forth in the complaint. *Meltzer* v. *Doll*, 91 N. Y. 365; *Rector, etc.,* v. *Teed*, 120 id. 583; *Andrews* v. *Brewster*, 124 id. 433; *T. N. Bank* v. *Parker*, 130 id. 415. The forbearance to exercise a legal right or the waiver of a legal right at the request of another is a sufficient consideration to uphold a promise.

Defendant's adjudication in bankruptcy is not a bar to the maintenance of the cause of action set forth in the complaint. A discharge in bankruptcy does not cancel a debt. It merely destroys the remedy on all debts, except those specified in the Bankruptcy Act. The claim set forth in the complaint is for a willful and malicious fraud, involving moral turpitude and intentional wrong. Such an action is not discharged in bankruptcy. Bankr. Act, § 17; *Forsyth* v. *Vehmeyer*, 177 U. S. 177; *L. & N. R. R. Co.* v. *Bryant*, 28 Am. Bank. Rep. 867; *Burnham* v. *Pidcock*, 58 App. Div. 273. Besides the cause of action sued upon arose subsequent to the filing of the petition in bankruptcy. The fraud was not discovered until the petition was filed. An action in fraud does not accrue until its discovery. Civ. Prac. Act, § 48, subd. 5. Debts provable under the Bankruptcy Act are those which existed at the time of the filing of the petition. *Matter of Burka*, 5 Am. Bank. Rep. 12; *Matter of Adams*, 130 Fed. Rep. 381. The discharge distinctly states that the defendant is discharged from all provable debts which existed on March 19, 1923, on which day the petition for adjudication was filed.

Motion denied, with ten dollars costs.

Ordered accordingly.