SAMUEL PENNER, Plaintiff, *v.* ISAAC WEISSBLATT and Another, Defendants.

City Court of New York, Bronx County, January 24, 1930.

*Jacob J. Pantell*, for the plaintiff.

*Charles A. Taussig*, for the defendants.

DONNELLY, J.   The complaint is based, not only upon allegations of the false representations of the defendant Isaac Weissblatt made in his capacity as attorney for the plaintiff, but also upon the general scheme of the said defendant to defraud the plaintiff of $3,000 by representing to him that he was about to make certain permanent improvements upon the real property of the defendant corporation in which he and his father resided; that the value and income of said property would be increased by said improvements, and that the mortgage thereon to be given to plaintiff would be an entirely safe investment, particularly because of these improvements.

Defendants move, pursuant to rule 103 of the Rules of Civil Practice, to strike out certain allegations of the amended complaint, upon the ground that they are unnecessary, irrelevant and redundant, and, if allowed to stand, may tend to prejudice and embarrass the defendants upon the trial.

The allegations set forth in the amended complaint may be summarized as follows: The plaintiff was induced to accept a third mortgage upon the premises upon false and fraudulent representations made to him by the defendant Isaac Weissblatt, who at all of the times stated in the amended complaint, acted as plaintiff's attorney in all of the transactions therein referred to. As an inducement to plaintiff to make the loan, the defendant Isaac Weissblatt stated to plaintiff that he would make certain improvements upon the building, thereby increasing its value and its income.   As evidence of Weissblatt's intent and good faith, he had already filed plans with the building department for that purpose.   But although he had filed plans, he never proceeded with the improvements.   Weissblatt and his father occupied the entire building rent free, for about two years, failed and refused to pay taxes, interest on mortgages, installments on mortgages and other charges against the property, with the result that the second mortgagee was ultimately forced to foreclose his mortgage, thereby not only wiping out the mortgage given to plaintiff, but causing a deficiency judgment of over $6,000 against the defendants on the foreclosure sale.   Plaintiff was one of these defendants.   The money was borrowed from the plaintiff, ostensibly for the use of the defendant corporation, but it was appropriated and converted by the defendant Isaac Weissblatt to his own use.

While it is true that some of the facts pleaded may be regarded as promissory upon the part of the defendant Isaac Weissblatt, nevertheless this is not a sufficient ground for granting the motion

to strike out. In *Hobaica* v. *Byrne* (123 Misc. 107) the court said: "It is true that the mere failure to keep one's promise, even if the promisor has no excuse for his failure so to do, cannot be made the basis of an action for fraud. But where one, for the purpose of inducing another to enter into a contract with him, intentionally makes a false statement of what he intends to and will do, such statement constitutes fraud, if the party to whom it was made relies thereon, and will sustain an action for damages. (*Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 id. 464.)" The representations to plaintiff by Weissblatt, that he had decided to make certain alterations to the premises, when, in truth and in fact, he knew the alterations were not to be made, but, upon the strength of these and other statements took the money advanced by plaintiff and appropriated and converted it to his own use, were specific affirmations of an arrangement under which something was to occur, when Weissblatt, in making such affirmations, knew perfectly well that no such thing was to occur. At least, it is so pleaded, and, as pleaded, the representations are actionable. (*Ritzwoller* v. *Lurie*, 225 N. Y. 468.)

Motion denied, with ten dollars costs.