BOSTON EXCELSIOR COMPANY, Plaintiff, *v.* PASQUALE AMERIO, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, March 22, 1933.

*Fisher, Brandt & Berger* [*Abraham Gindin* of counsel], for the plaintiff.

*J. Franklin Tausch* [*Arthur Schneider* of counsel], for the defendant.

BISSELL, J. This is an action brought against the defendant on six promissory notes, dated November 25, 1931, made payable to the order of the plaintiff. It appears that the plaintiff, by one of its officers, threatened to file a petition for involuntary bankruptcy against P. Amerio Co., Inc., a corporation and third party to which plaintiff had sold and delivered goods. The defendant herein, an officer of said corporation, for the purpose of preventing such action, agreed to execute the notes in question provided plaintiff refrain from proceeding in the bankruptcy. At the date of maturity of the first of the six notes, defendant failed to make payment except that he paid the sum of thirty dollars, which was applied on account of the first note.

The question presented for decision in this case is whether a promise not to petition in bankruptcy as against a third party is sufficient consideration to support the notes. In *Rector, etc., St.*

*Mark's Church* v. *Teed* (120 N. Y. 583, at p. 586) the court held: " 'A valuable consideration may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.' (3 Am. & Eng. Cyclopedia of Law, 831; *Currie* v. *Misa*, L. R. [10 Ex.] 162; Chitty on Cont. [9th Am. ed.] 29; 2 Kent's Comm. 465.)

" It is not essential that the person to whom the consideration moves should be benefited, provided the person from whom it moves is, in a legal sense, injured. The injury may consist of a compromise of a disputed claim or forbearance to exercise a legal right, the alteration in position being regarded as a detriment that forms a consideration independent of the actual value of the right forborne." (See, also, *Meltzer* v. *Doll*, 91 N. Y. 365.)

In the present instance the alteration in the position of the plaintiff forms a consideration independent of the actual value of the right forborne and provides sufficient consideration to support the notes. Accordingly, judgment is rendered in favor of the plaintiff in the sum of $284.75, together with interest as demanded in the complaint.