GEORGE MARK, Respondent, v. THE VILLAGE OF WEST TROY, Appellant.

*Action on a claim against a municipality — services rendered as counsel, at the request of the president and the attorney of a village — statutory prohibition against contracting debts without authorization.*

The requirement of the charter of the village of West Troy, of a formal presentation of an itemized and verified bill to the board of trustees as a prerequisite to the maintenance of an action on a claim against the village, is not satisfied by proof of the presentation of a bill to the chamberlain and president of the village.

Proof of the employment by a party's attorney will not of itself entitle another attorney to recover from the client payment for services rendered as counsel, but there must be proof of a retainer by the client.

When the charter of a village expressly provides that no officer of the village or other person shall contract any debt on the part of the village unless specially authorized by the board of trustees so to do, an action to recover from the village payment for services rendered in its behalf by an attorney as counsel, cannot be maintained on proof of employment by the president and attorney of the village, without proof of special authority from the board of trustees for such employment.

APPEAL by the defendant, the Village of West Troy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Albany county on the 26th day of March, 1884, upon the report of a referee.

The action was brought by the plaintiff to recover a claim for services rendered to the defendant by Galen R. Hitt, an attorney at law, which claim had been assigned by Mr. Hitt to the plaintiff.

The evidence showed that the services were rendered by Mr. Hitt, as counsel for the defendant village, upon the trial of two actions against the village in the Supreme Court, at the request of J. H. Gleason, the attorney of record for defendant in those actions, and of John H. Hulsapple, who was then president of the defendant village.

*Eugene McLean,* for the appellant.

*Galen R. Hitt,* for the respondent.

PUTNAM, J.:

We regret that we are unable to agree with the views adopted by the referee in this case. Plaintiff's assignor performed meritorious and valuable services in actions where defendant was a party and should receive compensation therefor.

But the claim on which the action is brought was not shown to have ever been presented as required by defendant's charter. (Chap. 52, Laws of 1879, §§ 28, 29, amending §§ 32, 33 of the charter.) The act requires that a bill shall be made out in items and verified and *formally presented to the board of trustees* before an action can be maintained. It must be presented at a regular or stated meeting. The only proof of presentation of the bill was to one Hart, chamberlain and Hulsapple, president of defendant. That was not a presentation to *defendant's trustees,* required by the charter as a prerequisite to an action. The formal presentation to the defendant's trustees should have been alleged in the bill and proved upon the trial.

Again, plaintiff failed to show the retainer of his assignor by defendant. An attorney, as such, has no authority to employ counsel. (*Matter of Blakely,* 5 Paige, 313, 314.) Again, the charter (Chap. 52, Laws of 1879) of defendant expressly provides (§ 32, amending § 37)

that no officer of the village, or any other person, shall contract any debt on the part of the village unless specially authorized by the board of trustees so to do, and hence the president of defendant could not retain Mr. Hitt. The plaintiff, as part of his case, was bound to show an employment of Mr. Hitt, in pursuance of the provisions of the charter, which he failed to do, and hence, we think the court erred in not granting the motion for nonsuit.

This case is not like that of *Moore* v. *The Mayor, etc.* (73 N. Y. 238), and kindred cases, where a party in good faith enters into a contract with public officers, within their power to make and perform, in which case the officers are estopped from alleging the irregularity of their action to the prejudice of the party who so performed. Those cases do not apply, if there is a statutory prohibition of power, unless exercised in the regular way. (*Clute* v. *Robison*, 28 Hun, 284.) In this case there was a prohibition in the charter of defendant which prevented the president or attorney from retaining Mr. Hitt unless specially authorized by the board of trustees. It was incumbent on plaintiff to establish this special authority to maintain his action.

*Downing* v. *Rugar* (21 Wend. 178) and *Hills* v. *Peekskill Bank* (26 Hun, 161), cited by respondent, were cases where public officers, consisting of two or three, assumed to act in the name of all or of a majority, and it was assumed that all the officers acted, or were duly notified of the meeting where action was had. In this case it was not shown that the trustees of defendant ever acted, or assumed to act, in the matter of retaining Mr. Hitt. If it had appeared that a special meeting of defendant's trustees had been called in the matter of retaining Mr. Hitt as counsel, and that a mere quorum had attended, who passed a resolution to employ him, it would probably be assumed that those trustees who did not attend had been notified of the meeting.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Judgment reversed, new trial ordered, costs to abide event.