A. J. WHITE, Limited, v. PEASE et al.

(Circuit Court, S. D. New York. September 24, 1897.)

LIBEL—BILL OF PARTICULARS.
In an action for libel, where it is plain that plaintiff has no intention of contending at the trial that every assertion contained in each of several alleged libels is false, he should be required to set forth, by bill of particulars, what portions are claimed to be libelous and false.

Action for libel by A. J. White, Limited, against George C. Pease, Robert G. Eccles, and others. Motion by defendants to require plaintiff to make complaint more definite.

Charles De Hart Brower, for the motion.
Townsend, Dyett & Levy, opposed.

LACOMBE, Circuit Judge. The complaint is sufficiently definite and certain to enable defendants to answer. It is perfectly plain, however, that plaintiff has not the remotest intention of contending at

the trial that every assertion contained in each of the alleged libels is false, and proper practice should require it to set forth in some way what portions are claimed to be libelous and false. The proper way to do this is by a bill of particulars, and there is no reason why there should be a second motion and a second argument to determine what such bill should contain. An order may be taken requiring the filing of a bill of particulars showing (1) in what particulars the publication set forth in folios 12 to 21 is alleged to be false; (2) in what newspapers, journals, magazines, circulars, and gazettes the "other false and malicious articles substantially similar," etc., as set forth in folio 23, were published, giving the text of such articles, or of so much thereof as plaintiff complains of, and like particulars as to the newspapers referred to in folio 27; (3) setting forth the analysis made by Charles T. F. Fennel (referred to in folio 24), and indicating in what respects it is contended that it was false. When such a bill of particulars is filed, the precise issues will be sufficiently defined to enable defendants to answer and to prepare for trial, without requiring any repetition of the particulars as prayed for. In all other respects the motion is denied.