### ROWE v. WASHBURNE.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

SLANDER—BILL' OF PARTICULARS—PLACE OF PUBLICATION—PERSONS.
  Plaintiff alleged that he was inventor and dealer in patents; that de-
  fendant uttered slanderous words in New York City, on or about a cer-
  tain day, in the presence and hearing of divers persons, charging that
  the plaintiff had beaten defendant out of money by selling a patent to
  which plaintiff had no right. *Held*, that defendant, having denied utter-
  ing the slander, was entitled to a bill of particulars informing him more
  accurately of the place where the words were uttered, and of the name
  of at least one of the persons in whose presence they were spoken, but
  not the particulars showing that plaintiff was a dealer in patents.

Appeal from special term, New York county.

Action by Wesley O. Rowe against Harrison B. Washburne for
slander. From an order denying defendant's motion for a bill of
particulars, he appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRA-
HAM, and LAUGHLIN, JJ.

William J. Woods, for appellant.
John J. Adams, for respondent.

LAUGHLIN, J. This is an action for slander. The complaint
alleges that the plaintiff is engaged in business in the city of New
York and elsewhere as a dealer in cotton, and also as an inventor
and dealer in inventions and patented articles; that on or about
the 21st day of January, 1901, at the borough of Manhattan, in said
city, "in the presence and hearing of divers persons," defendant ut-
tered the following false, scandalous, and defamatory words of and
concerning the plaintiff:

"He (meaning the plaintiff) is a schemer (meaning a cheat, knave, and
swindler, and one with whom it was not fit or safe to have business deal-
ings). He beat me out of the sum of $5,000 by selling me a patent mail box,
of which he had no patent (meaning that plaintiff had cheated, defrauded,
and swindled defendant out of, and stolen from him, the sum of $5,000, by
inducing him to purchase for that sum from plaintiff the right to make and
deal in a certain kind and style of mail box, by means of false and fraud-
ulent representations willfully and designedly made with the intent of de-
priving and defrauding defendant out of his property, to wit, said sum of
$5,000, and that same was patented, and that he [plaintiff] owned the patent
thereon when he was not such owner). And he (meaning plaintiff) is trying
to beat me out of more (meaning that plaintiff was at that time engaged in
the endeavor to swindle and defraud out of, and steal from him, a further
or additional sum or amount of money)."

The answer contains a general denial of the utterance of the
alleged slander. The plaintiff's affidavit, read in opposition to the
motion, shows that he does not know more definitely than is stated

in the complaint the place where or the persons to whom the alleged slanderous words were uttered, and that defendant must know where and to whom he spoke them. According to the complaint, the slander occurred all at one time and place. The defendant denies having slandered the plaintiff, and this leaves upon the plaintiff the burden of establishing his case by competent evidence. The defendant is entitled to a bill of particulars which will inform him more accurately of the place where plaintiff intends to prove the slanderous words were uttered, and also the name of at least one of the persons in whose presence and hearing they were spoken. Stiebeling v. Lockhaus, 21 Hun, 457; Tilton v. Beecher, 59 N. Y. 177, 17 Am. Rep. 337; Woods v. Gledhill (Sup.) 12 N. Y. Supp. 764; Dempewolf v. Hills, 53 N. Y. Super. Ct. 105; Turner v. Beavan (Com. Pl.) 10 N. Y. Supp. 128; Shaffer v. Holm, 28 Hun, 264; Murray v. Mabie, 55 Hun, 38, 8 N. Y. Supp. 289; McCarron v. Sire (City Ct. N. Y.) 3 N. Y. Supp. 659. Plaintiff contends that the words are actionable per se. The complaint does not sufficiently allege special damages to warrant proof thereof, and consequently the defendant is not entitled to a bill of particulars in that regard, nor is he entitled to a bill of particulars showing that plaintiff is a dealer in patents. The moving affidavit is justly open to criticism, and doubtless led to the denial of the motion; but, in view of the indefiniteness of the complaint and the nature of the action, we think a bill of particulars should have been ordered.

The order appealed from is reversed, with $10 costs and disbursements, and the motion for a bill of particulars as to the place of the slander and as to the name of one of the persons in whose presence and hearing it is claimed the slanderous words were uttered is granted, with $10 costs. All concur.