(75 App. Div. 460.)

### MASON v. CLARK.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. SLANDER—BILL OF PARTICULARS—PERSONS ADDRESSED.

In an action for slander, plaintiff alleged that the words were spoken in the presence of "divers persons." Defendant answered, denying that the words were spoken, and thereafter made affidavit alleging his ignorance of the name or names of the person or persons in whose presence plaintiff intended to prove the slanderous words were uttered, and moved for a bill of particulars. *Held*, that defendant was entitled to the bill of particulars.

2. SAME—EXCLUSION OF EVIDENCE.

The order granting the motion should not provide that, in default of service of the bill of particulars, plaintiffs should be precluded from giving evidence in support of the complaint on trial.

3. SAME.

Neither should the order be susceptible of a construction which would justify the court in rejecting the testimony if it appeared that others than those named were present when the words were spoken.

Appeal from special term, New York county.

Action by William Peyton Mason against Charles W. Clark. From an order granting a motion requiring plaintiff to serve a bill of particulars, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William King Hall, for appellant.

Henry B. Culver, for respondent.

INGRAHAM, J. The action was for slander, and after issue the defendant made a motion requiring the plaintiff to furnish a bill of particulars specifying the name or names of the person or persons in whose presence he expects or intends to prove the defendant uttered the alleged slanderous words as set forth in the complaint herein. The answer denies that the defendant spoke the words complained of, and the affidavit of the defendant upon which the motion was granted alleges that he is ignorant of the name or names of the

¶ 1. See Libel and Slander, vol. 32, Cent. Dig. § 233.

person or persons in whose presence the plaintiff expects or intends to prove that the defendant uttered the alleged slanderous words set forth in paragraph 3 of the complaint. We think the court below, upon these papers, was justified in granting the application. To prevent surprise at the trial, it is necessary that the defendant should have notice of the exact time and place and the persons in whose presence the slanderous words were spoken. The allegation of the complaint is quite general, alleging that the words were spoken in the presence of "divers persons." There is nothing in the order which would prevent the plaintiff from proving his cause of action if it should appear that there were others than those mentioned in the bill of particulars present at the occurrence. It would be well, however, to modify the order so that it could not be construed as justifying the court in rejecting the testimony if it appeared that others than those named by the plaintiff in the bill of particulars were present at the time referred to in the bill of particulars.

The order contains a provision that, in default of service of the bill of particulars, the plaintiff be precluded from giving evidence upon the trial in support of his complaint. That provision is unauthorized, in an order requiring a party to furnish a bill of particulars. It is only where an action is upon an account, and the plaintiff is directed to furnish a copy of the account sued on, that the order should contain a provision precluding the plaintiff from giving evidence of the account in the event of his failing to serve a copy as required. The order should be modified by striking out the clause, "or, in default thereof, that the said plaintiff be precluded from giving evidence at the trial in support of said complaint," and inserting in lieu thereof the following words, "nothing in this order contained to prevent the plaintiff from proving the cause of action alleged in the complaint because it should appear that others than those specified in the bill of particulars were present at the time the words complained of were uttered," and, as thus modified, affirmed, without costs. All concur.