## DOBSON v. VILLAGE OF ONEIDA.

(Supreme Court, Appellate Division, Third Department.   June 29, 1905.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—INJURIES—CLAIM—SERVICE ON OFFICERS—SUFFICIENCY.

Oneida Village Charter, Laws 1894, p. 1564, c. 620, tit. 10, § 33, provides that all claims against the village for defective streets must be presented to the board of trustees within 60 days after the happening of the injury. Title 4, § 4, p. 1520, requires the village clerk to act as clerk of the board, and to keep a book in which to enter the date, time, and manner of service of notices.   Statutory Construction Law, Laws 1892, p. 1489, c. 677, § 20, provides that when a notice is required to be given to a board, service on the clerk thereof shall be sufficient.   Held, that service on the clerk of a claim for injuries from a defective street was sufficient, though not made at a meeting of the board, and though he failed to present the claim to the board.

2. SAME—CONFLICTING EVIDENCE—NONSUIT.

Where, in an action against a municipality for injuries received by reason of a defective street, the evidence was conflicting, but sufficient to make it a question for the jury whether plaintiff showed five days' actual prior notice to the municipality or its officers of the defect as required by law, the setting aside of a nonsuit on the ground of a failure to show such notice was proper.

3. SAME—PLEADING—EVIDENCE—VARIANCE.

The claim for injury sustained by reason of a defective sidewalk served on the municipality, and the complaint in an action for the injury, alleged that it was received by stepping on a broken and decayed board in a sidewalk.   The evidence showed that the walk was broken down to the ground, and that there was a hollow spot that went to the ground.   Held, that there was no variance between the allegation in the claim and complaint and the proof, the jury having the right to infer that the condition of the walk was caused by its being decayed.

Appeal from Special Term, Madison County.

Action by Victoria B. Dobson against the village of Oneida. From an order setting aside a nonsuit and granting a new trial, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Joseph Beal, for appellant.
D. F. Searle, for respondent.

CHESTER, J.   The action is for damages for personal injuries received by the plaintiff by falling upon an alleged defective sidewalk in the defendant village.   At the close of all the proof upon the trial the court granted the defendant's motion for a dismissal of the complaint solely upon the ground that the plaintiff had not presented notice of her claim to the president or board of trustees of the defendant, as required by law.   The court afterwards granted an order setting aside such dismissal, and granted plaintiff's motion for a new trial upon the minutes, and from such order this appeal is taken.

No question is made upon this appeal but that the evidence of the defendant's negligence in respect to the condition of the side-

·walk and to plaintiff's freedom from contributory negligence was
sufficient to require the presentation of those questions to the jury.
Under the questions urged here the circumstances of the'accident
and the extent of plaintiff's injuries are unimportant.   The defend-
ant contends that it is not liable, because the plaintiff has failed to
establish that she presented her claim for damages to the defendant
within sixty days after the injury, and because she failed to show
that the defendant had five days' actual notice of the defect com-
plained of prior to the time when the plaintiff received her injuries.

The charter of the defendant provides with respect to claims for
injuries that "all claims against the village for any such damage or
injury shall, without delay, and within sixty days after the happen-
ing of such damage and injury, be presented by or in behalf of the
claimant to the president or board of trustees in writing," etc., and
unless .such claim is so presented the claimant shall be forever
barred from bringing or maintaining any action against the village
to recover for such injuries or damages.   Section 33, tit. 10, c. 620,
p. 1564, Laws 1894.   The injuries were received on the 13th day
of November, 1900.   Plaintiff's claim in writing, duly verified, was
delivered to the clerk of the village on January 9, 1901, and within
60 days after the injuries were received.   The clerk delivered it to
the village attorney, and under the latter's advice that its service
upon the clerk was not a legal presentation to the president or
board of trustees ·it was apparently carefully concealed from such
president and board of trustees.   In my opinion, delivery of such
claim to the clerk of the village was a sufficient presentation thereof
to the board of trustees under the law.   Under the defendant's
charter the clerk of the village was required "to act as clerk of
the board of trustees."   He was also required to "keep a book of
minutes in which he shall enter the date, time and manner of serv-
ice of all sidewalk and other notices, on whom and by whom served."
Section 4, tit. 4, c. 620, p. 1520, Laws 1894.   It is provided in sec-
tion 20 of the statutory construction law (Laws 1892, p. 1489, c.
677) that, "when a notice is required to be given to a board or
body, service of such notice upon the clerk or chairman thereof
shall be sufficient."   The defendant's charter was passed two years
after the statutory construction law, and by the provisions of sec-
tion 1 of the latter act the chapter containing section 20 is made
applicable to all future legislation, unless something appears to
the contrary.   To that effect also is People ex rel. v. N. Y. C. & H.
R. R. Co., 156 N. Y. 570, 51 N. E. 312.   Nothing appears to the
contrary in the defendant's charter.   On the other hand, it imposed
upon the clerk important duties with respect to keeping a record
of sidewalk notices, as appears by the provision above quoted.   It
was clearly his duty, as clerk of the board of trustees, to bring the
notice of claim served upon him to the attention of such board, for
he was its officer and agent with respect to this matter; and if, as
testified to by the members thereof, the notice never came to their
attention, and they never knew of it, it was not because of any
fault of the plaintiff, for the notice was lawfully served upon the

clerk, and such service was a lawful presentation of the same to the board of trustees. The presentation was sufficient, although not made at a meeting of the board. 'It was, in effect, so held in McIntee v. City of Middletown, 80 App. Div. 434, 437, 81 N. Y. Supp. 124. There, under a provision of the charter of the city of Middletown requiring all claims for injuries to be presented in writing to the common council within 60 days, it was decided that a service of such claim upon the president of the common council at a place other than at the meeting of such council was a sufficient service upon the council under the provisions of section 20 of the statutory construction law. The case of Mark v. Village of West Troy, 69 Hun, 442, 23 N. Y. Supp. 422, cited by the appellant's counsel, is not in point, for the provision of the charter under consideration in that case required the claim to be presented to the board of trustees "at a regular or stated meeting." There is no such requirement in the defendant's charter.

The appellant also seeks a reversal of the order appealed from on the ground that the plaintiff failed to show five days' actual prior notice to the defendant or its officers of the alleged defective condition of the sidewalk, as required by section 33 of title 10 of its charter. Upon that question the evidence was conflicting, but sufficient circumstantial evidence was given by the plaintiff to make it a question of fact for the jury to determine in the first instance whether or not the defendant's street commissioner had more than five days' actual notice of the alleged defect in the sidewalk prior to the time when the plaintiff received her injuries.

We think also that there is no substantial variance between the statements in the complaint and claim served and the proof. While such claim and complaint state that the plaintiff's injuries were received by stepping upon a broken, rotten, and decayed board in the sidewalk, and there is no direct proof that the board was rotten and decayed, yet the jury would have had the right to infer from the evidence that "the walk was broken right down in," that "it was broken down to the ground," and that "it was a big hollow spot that went to the ground," that such condition was caused by reason of its being rotten and decayed.

The order appealed from should be affirmed, with costs. All concur.