(159 App. Div. 511.)

### KAYATA v. ONTRA.

(Supreme Court, Appellate Division, Second Department. December 5, 1913.)

LIBEL AND SLANDER (§ 99*)—BILL OF PARTICULARS—RIGHT TO.

In an action for damages for slander which caused merchants and others to cease dealing with plaintiff, defendant is entitled to a bill of particulars as to the names of the persons who ceased to so deal, where the complaint was such that plaintiff might prove that others than those mentioned had severed business relations with him.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 233; Dec. Dig. § 99.*]

Appeal from Special Term, Kings County.

Action by Mike Kayata against Ernest Ontra. From an order denying defendant's motion for a bill of particulars, he appeals. Order reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Alvin T. Sapinsky, of New York City, for appellant.
William E. Butler, of New York City, for respondent.

RICH, J. This appeal is from an order of the Special Term denying the defendant's motion for a bill of particulars in an action for slander. The slanders are alleged to have been uttered in conversations and discourses "with merchants in said borough and city with whom plaintiff already had and contemplated business relations," "on or about the 1st day of April, 1912, and on divers dates about that time, during the months of April and May." It is alleged that, by reason of the utterance of such slanders:

"A number of merchants and persons, and in particular the copartnership firm of Samuel Horowitz & Co., 441 Broadway, borough of Manhattan, New York City; Samara Bros., 81–85 Washington street, of said New York City; Labe Importing Company, 98 Washington street, in said New York City; S. Handak & Bros., of 136 Liberty street, in said New York City—who had heretofore been accustomed to deal with the plaintiff in his business aforesaid and was about to and contemplated dealing with him, plaintiff, and extending plaintiff a line of credit, ceased to deal with him and refused to continue to deal with him and to extend credit," etc.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The allegation as to the persons who ceased to deal with plaintiff and those who refused to extend credit are not limited to the four firms named, but are stated as "a number of merchants and persons." Under this allegation the plaintiff may prove upon the trial any and every merchant and person, in addition to those named, who ceased dealing with him and who refused to extend credit.

The defendant is entitled to know the persons in whose presence or to whom the slanderous words are claimed to have been spoken, and, when it is alleged that damage was sustained in consequence of the refusal of individuals to deal with plaintiff, the defendant is entitled to know the names of such persons in order to prepare for trial. The law in this respect is so well settled that a citation of authorities is unnecessary.

If it be true that the plaintiff intended to confine his allegations to the four persons named, the defendant is entitled to have him say so.

The order must be reversed, with $10 costs and disbursements, and the motion for a bill of particulars of the matters specified in the second, fifth, and eighth subdivisions of the notice of motion granted, with $10 costs. All concur.