## McCollum, By et al. v. Langdon.

(Decided June 3, 1915.)

Appeal from Clay Circuit Court.

1. Libel and Slander—Bill of Particulars.—In an action for slander, where the petition fails to specify the name of any person in whose presence the alleged slanderous publications were made, the trial court may, on motion of defendant, require a bill of particulars specifying the name of some person. If, however, the petition names one person in whose presence the slanderous words were

uttered and published, it is error to require the plaintiff to specify the names of other persons.

2. Libel and Slander—Petition—Bill of Particulars—Failure to Comply With Order—Dismissal of Petition.—Error.—Where, in an action for slander, several alleged publications are relied on, and, in some instances, the petition fails to state the name of any person in whose presence the publications were made but, in other instances, specified the name of one person, the petition is sufficient in the latter instances and it is error to dismiss the entire petition on the failure of plaintiff to comply with an order requiring a bill of particulars specifying the names of persons in whose presence the publications were made.

A. D. HALL and H. C. FAULKNER & SONS for appellant.

D. K. RAWLINGS and LYTTLE & LYTTLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Alice McCollum, suing by her mother as next friend, brought this action against defendant, Alfred Langdon, to recover damages for slander. Defendant moved the court to require plaintiff to specify the names of the persons in whose presence and hearing the alleged slanderous publications were made. This motion was sustained. Plaintiff declined to comply with the ruling of the court and elected to stand by her petition. Thereupon her petition was dismissed, and she appeals.

Several alleged slanderous publications are relied on. In many instances the petition charges that the defendant, "within the presence and hearing of divers persons," falsely and maliciously spoke and published of and concerning plaintiff certain slanderous words. Then follow several alleged slanderous publications. Following these publications the petition relies on certain other slanderous publications made in the presence of Doctor Cook.

While it is the rule that a petition which charges that the words were uttered and published in the presence of some third person or persons, without naming them, is good on demurrer, that is not the question presented for decision. The question is, did the trial court err in directing plaintiff to furnish a bill of particulars specifying the names of such persons? It is the general rule, regardless of the character of the action, that the court

had a discretionary power to order such a bill, on mo-
tion of the defendant, whenever the facts constituting
the plaintiff's cause of action are not stated with suffi-
cient particularity to enable the opposing party to guard
against surprise in the preparation of his defense.
Brown v. Calvert, 4 Dana (Ky.), 219. Following this
rule, it is generally held that the defendant, in actions
for slander or libel, is entitled to know definitely the
time and place of the alleged slander or libel and the
name of a party to whom publication was made, and if
the petition fails to show these particulars a bill of par-
ticulars will be ordered. 25 Cyc., 467; Newell's Slander
and Libel, 3rd Edition, Section 909; Wood v. Jones, 1
F. & F., 301; Slator v. Slator, 8 L. Times (N. S.), 856;
Roselle v. Buchanan, 16 Q. B. D., 656, 55 L. J. Q. B.,
376, 34 Wkly. Rep., 488; Bradbury v. Cooper, 12 Q. B.
D., 94, 48 J. P., 198, 53 L. J. Q. B., 558, 32 Wkly. Rep.,
32; Stiebeling v. Lockhaus, 21 Hun. (N. Y.), 457; Mason
v. Clark, 75 N. Y. App. Div., 460, 78 N. Y. Supp., 327.
However, a bill of particulars is sufficient which names
one person in whose presence the words are spoken and
published. Dempewolf, v. Hills, 53 N. Y. Super. Ct.,
105, 11 N. Y. Civ. Proc., 14. In view of the number of
publications relied on, we are not disposed to hold that
the trial court abused a sound discretion in requiring
plaintiff to specify the name of some person in whose
presence the publications were made, in those instances
where the name of no person was mentioned in the pe-
tition. However, in the case of those publications al-
leged to have been made in the hearing and presence of
Doctor Cook, the petition itself was sufficiently definite
and it was error to require a bill of particulars specify-
ing the names of other persons in whose presence the
same publications were made. Instead, therefore, of
dismissing the entire petition on plaintiff's failure to
comply with the order of the court, the court should have
dismissed only that part of the petition which failed to
specify the name of any person in whose presence the
alleged slanderous words were spoken and published.

Judgment reversed and cause remanded for proceed-
ings consistent with this opinion.