MATTHEW G. GOAKES, Respondent, *v*. CITY OF ONEIDA,
Appellant.

Third Department, November 14, 1917.

Municipal corporations — negligence — liability of city for defect
in sidewalk — proof of notice of defect — pleading — bill of particu-
lars — compelling giving of names of witnesses prior to trial.

Where, in an action to recover damages sustained by the plaintiff by reason
of a defect in a sidewalk of the defendant city, whose charter provides
that said city shall not be liable for such damages " until five days after
actual notice to the superintendent of public works of such defective
or unsafe condition," the complaint alleges that the proper officers " had
due and actual notice of said defective, dangerous and unsafe condition
of said sidewalk," the plaintiff should not be compelled, upon a motion
for a further bill of particulars, to give " the name of the person or
persons who gave the five days or more notice to the superintendent of
public works   *   *   *   of the defective condition of the sidewalk as
alleged in the complaint."

The plaintiff has a right to prove his case by facts and circumstances
showing that the superintendent of public works had actual notice of
the dangerous condition more than five days before the accident, and
he should not be called upon to limit his proof by naming persons who
may have given such notice.

It is only under unusual circumstances that the court permits an order
compelling the giving of names of witnesses in advance of the trial.
Unless there are circumstances which clearly show that such a disclosure
is necessary to the securing of justice, the granting of the order is an
abuse of discretion.

APPEAL by the defendant, City of Oneida, from an order of
the Supreme Court, made at the Oneida Special Term and
entered in the office of the clerk of the county of Madison on
12th day of May, 1917, denying its motion for a further bill
of particulars.

*Charles R. Coville*, for the appellant.

*D. C. Burke*, for the respondent.

WOODWARD, J.:

This action was brought to recover damages sustained by
the plaintiff by reason of a defect in a sidewalk of the defendant

city.   Section 230 of the charter of the city of Oneida (Laws of 1911, chap. 648) provides that " said city shall not be liable for damages or injury to persons or property alleged to have arisen or been sustained from or in consequence of a defective or unsafe condition of any sidewalk, street, highway, crosswalk, grating, opening, bridge or culvert, drain or sewer, until five days after actual notice to the superintendent of public works of such defective or unsafe condition." The complaint alleges, among other things, " that for a long time and more than five days immediately prior to the time of the accident to plaintiff, hereinafter stated, the defendant, its superintendent of public works, servants and agents having the custody, care and control of the streets in said city, and whose duty it was to care for same as officers and servants of said city, had due and actual notice of said defective, dangerous and unsafe condition of said sidewalk," and there is controlling authority that evidence of facts and circumstances showing that actual notice had come to the proper officer meets the requirements of this provision of the charter. (*Dobson* v. *Village of Oneida,* 106 App. Div. 377; *McNally* v. *City of Cohoes,* 127 N. Y. 350; *Sprague* v. *City of Rochester,* 159 id. 20, 26; *MacMullen* v. *City of Middletown,* 187 id. 37, 47.) It is, therefore, unnecessary that the plaintiff in this action, upon the demand of the defendant, should give " the name of the person or persons who gave the five days or more notice to the superintendent of public works (or all, if more than one) of the defective condition of the sidewalk as alleged in the complaint." The plaintiff has not alleged that any person or persons gave actual notice; the allegation is that the proper officers " had due and actual notice," and such notice, upon the authorities above cited, could be shown from facts and circumstances, apart from any written or verbal communication of the fact to the particular officer. (*MacMullen* v. *City of Middletown, supra.*)

It is only under unusual circumstances that the court permits an order compelling the giving of names of witnesses in advance of the trial. Such practice makes possible corruption; the well-known timidity of witnesses called upon to testify against the constituted authorities makes it highly improper that they should be subjected to political or other

pressure in advance of the trial, and, unless there are circumstances which clearly show to the court that such a disclosure is necessary to the securing of justice, it would be an abuse of discretion to grant such an order. Here the plaintiff has a right to prove his case by facts and circumstances showing that the superintendent of public works had actual notice of the dangerous condition more than five days before the accident, and he should not be called upon to limit his proof by naming persons who may have given such notice.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.