# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK

---

FRANCIS E. CORTRIGHT, Appellant, *v.* WILLIAM H. ANDERSON,
Respondent.

Fourth Department, January 9, 1924.

Libel — to charge that plaintiff, candidate for Assemblyman, intends to
join with gamblers and those against prohibition, is libelous per se —
to charge that plaintiff is "wet" is not libelous per se — to charge
that plaintiff, candidate on Prohibition ticket, is "wet" is defamatory
and libelous if special damages are shown — allegation that plaintiff
lost his election by reason of said false charges shows special damages —
motion to dismiss complaint should not have been granted.

It is libelous *per se* to charge that a candidate for member of the Assembly
intends to join with gamblers and with men who always went as far as they
dared in opposing prohibition.

It is not libelous *per se* to charge that a candidate for member of the Assembly
is "wet," but such a charge is defamatory where the candidate is running for
office on the Prohibition ticket, and is libelous if special damages are shown.

An allegation in the complaint that the plaintiff, who was a candidate on the
Prohibition ticket, lost his election by reason of the false charge that he was
"wet" shows the existence of special damages.

Defendant's motion to dismiss the complaint made upon the ground that it
does not state facts sufficient to constitute a cause of action should not have
been granted.

DAVIS, J., dissents.

APPEAL by the plaintiff, Francis E. Cortright, from an order
of the Supreme Court, made at the Chemung Special Term and
entered in the office of the clerk of the county of Chemung on the
15th day of February, 1923, granting the defendant's motion to
dismiss the complaint, made upon the ground that the complaint
does not state facts sufficient to constitute a cause of action.

*James Q. Sebring,* for the appellant.

*E. W. Personius,* for the respondent.

SEARS, J.:

The defendant, by motion, has challenged the sufficiency of the complaint. As upon a demurrer, the facts of the complaint must be assumed to be true, and we are not concerned with possible defenses or with difficulties of proof. The action is for libel arising out of a statement published in various ways during a political campaign when the plaintiff was a candidate for the office of Assemblyman on the Prohibition, Socialist and Farmer-Labor tickets.

The general principles applicable to such a situation are well settled. To comment upon the acts or conduct of a public man is the right of every citizen. (*Duffy* v. *N. Y. Evening Post Co.,* 109 App. Div. 471.) A candidate for public office and a public official stand in the same position in this respect. (*Hamilton* v. *Eno,* 81 N. Y. 116, 126.) Fair and honest criticism of the conduct of a public officer or candidate is not libelous. The right to publish such fair and honest criticism is sometimes called a " qualified privilege." (*Bingham* v. *Gaynor,* 203 N. Y. 27, 32.) But the so-called " qualified privilege " does not protect a false statement of fact or an unjustifiable inference. (*Bingham* v. *Gaynor, supra.*) Conclusions drawn from facts, however, need not be the necessary conclusions from such facts. It is sufficient if the facts form a reasonable basis for such conclusions and the comments and criticism connected therewith. (*Howarth* v. *Barlow,* 113 App. Div. 510.) For a publication concerning a private person to be actionable it is not necessary that it should charge him with a crime. It is sufficient if the false statement holds him up to public hatred contempt, scorn, obloquy or shame. (*Triggs* v. *Sun Printing & Pub. Assn.,* 179 N. Y. 144, 153.) In such cases damage follows necessarily and need not be specially pleaded, and the article is said to be libelous *per se.* A publication concerning a private person is also libelous where special damage is alleged to follow the publication of the defamatory statement as the natural and probable, as distinguished from the necessary, result. (*Terwilliger* v. *Wands,* 17 N. Y. 54; *Bishop* v. *N. Y. Times Co.,* 233 id. 446; *Pollard* v. *Lyon,* 91 U. S. 225.) As to a publication concerning a public officer or candidate, the same principles apply unless the statements fall within the limits of fair and honest criticism. (*Howarth* v. *Barlow, supra.*) And, in determining the meaning of an article, it must be taken as a whole. (*O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352; *Kloor* v. *N. Y. Herald Co.,* 200 App. Div. 90.)

Two statements in the article seem to us to pass beyond the limits of fair and honest criticism.

The article contains these sentences: " A few Assemblymen from strongly dry districts have lined up with the gamblers and with the men who always went as far as they dared in opposing prohibition, to block this legislation. Mr. Cortright is evidently fixing himself to join that crowd, one of whom is from his vicinity." Here is a statement of what the plaintiff's intention was, and what his intention was is a fact. In this phase of the case the charge must be taken to be wholly false. In our opinion, this is not a fair and honest conclusion from any of the facts stated in the complaint. As such statement holds the plaintiff up to contempt, scorn and obloquy, it is libelous *per se.*

The article also contains the following statement: " Since he makes it a matter of general repute, it becomes necessary for us to say that we have as much information that he is wet as that he is dry." Plaintiff alleges in respect to this as follows: " The further statement ' That we have as much information that he is wet as that he is dry ' is false and untrue, and * * * the defendant had no information in substance or to that effect that the plaintiff was what is known as ' wet,' but if the defendant had any information relative to the plaintiff it would be to the fact that the plaintiff had always been a strong advocate and exponent of prohibition in its broadest sense, and * * * the said statement was designed and intended to charge and accuse the plaintiff with being opposed to the 18th Constitutional Amendment."* The statement that the defendant had information that the plaintiff was " wet " is certainly not libelous *per se.* Even accepting the plaintiff's interpretation as stated in the complaint no crime is here alleged nor is he by these phrases exposed to public hatred, contempt, scorn, obloquy or shame. Considering, however, another allegation of the complaint, namely, that the plaintiff was a candidate of the Prohibition party, the article charges the plaintiff with being untrue to the principles of the party whose candidate he was and is, therefore, defamatory, and, if special damages are alleged, libelous. The complaint alleges in this respect that as a result of the publications, the plaintiff lost his election. As stated above, we are not concerned with the difficulty of proving the allegations of the pleading; we must assume them to be true. The loss of the election resulted necessarily from the conduct of others toward the plaintiff, and, in fact, such conduct, namely, the voting against the plaintiff, was the very object of the publications of the article. The defeat of the plaintiff, therefore, constitutes special

* See U. S. Const. 18th Amendt.— [REP.

damages. (Townshend Sland. & Lib. § 187; *Lareau v. La Minerve,* 27 L. C. J. 337 [Quebec]. See, also, *Duffy v. N. Y. Evening Post Co., supra,* 474.)

The order should be reversed, with ten dollars costs and disbursements, and order for judgment denied, with ten dollars costs, with leave to the defendant to answer within twenty days upon payment of the costs of the motion and of this appeal.

All concur, except DAVIS, J., who dissents and votes for affirmance.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days upon payment of the costs of the motion, and of this appeal.