JAMES H. R. CROMWELL, Appellant, *v.* ROBERT F. NORTON, Respondent.

First Department, June 10, 1932.

*Irving Moross* of counsel [*Sol A. Rosenblatt* with him on the brief; *Nathan Burkan*, attorney], for the appellant.

*Harry T. Zucker* of counsel [*Sydney J. Schwartz* with him on the brief; *Hollander & Bernheimer*, attorneys], for the respondent.

FINCH, P. J. In granting the bill of particulars the justice at Special Term should be affirmed.

This court has at least twice held in slander actions under similar circumstances that where a complaint alleges that the alleged privileged communication was shown by the recipient to numerous other persons who saw and read the same, the defendant is entitled to know to whom the libelous words were shown. In *Mason* v. *Clark* (75 App. Div. 460), Justice INGRAHAM (afterwards Presiding Justice) said: " To prevent surprise at the trial, it is necessary that the defendant should have notice of the exact time and place and the persons in whose presence the slanderous words were spoken. The allegation of the complaint is quite general, alleging that the words were spoken in the presence of ' divers persons.' "

In *Kayata* v. *Ontra* (159 App. Div. 511, 512) it was said: " The defendant is entitled to know the persons in whose presence or to whom the slanderous words are claimed to have been spoken. * * * The law in this respect is so well settled that a citation of authorities is unnecessary."

In so far as the plaintiff knows the circumstances under which such person or persons saw and read the letter, he should state, as it bears directly on the question of liability for republication, the defendant not being liable for any republication arising from the independent and unauthorized act of another.

In reference to the second demand for the bill, namely, what statements in the letter the plaintiff claims are false and untrue, these should likewise be set forth by him so as to narrow the issues at the trial. Here is a letter covering ten folios and obviously not all of the statements are false and untrue. While upon proof of publication of defamatory matter and of its application to the plaintiff when it is unprivileged and libelous *per se*, the falsity of the article and the malice of its publication are presumed and the defendant must then justify by showing the truth of such portions of the article as he relies upon (*Carpenter* v. *New York Evening Journal Publishing Co.*, 111 App. Div. 266), yet in aid of his defense the defendant is entitled to have the plaintiff particularly specify what portions of the publication he relies on as false and untrue

so that the issues at the trial may be narrowed and thus more efficiently and expeditiously disposed of.

For the foregoing reasons the appeal from the order should be affirmed, with ten dollars costs and disbursements.

MERRELL, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements. The verified bill of particulars to be served within ten days from service of order.