## SWEENEY v. UNITED FEATURE SYNDICATE, Inc.

District Court, S. D. New York.
Aug. 3, 1939.

John J. O'Connor, of New York City, for plaintiff.

De Witt, Van Aken & Nast, of New York City (Harry H. Van Aken, of New York City, of counsel), for defendant.

HULBERT, District Judge.

This action is to recover damages for libel. So much of the article claimed to have been published by the defendant of and concerning the plaintiff as he has chosen to make the basis of this action, is set forth in paragraph 5 of the complaint, which alleges:

"5. Yet the defendant, well knowing the premises, but contriving and intending to injure plaintiff and deprive him of the respect, confidence and esteem peculiarly essential to plaintiff's profession and office, and contriving and intending to deprive plaintiff of his good name, reputation and the esteem of his constituents and clients, and to bring him into disastrous scandal, ridicule, and professional disrepute, before his constituents, clients, professional associates, friends, neighbors, acquaintances, and the public in general, and to hold plaintiff up to public scorn, contempt, ridicule and disgrace, did heretofore, to wit, on or about the 23rd day of December, 1938, falsely and wrongfully publish and circulate of and concerning the plaintiff, in divers newspapers throughout the United States, in the aforementioned column under the title 'Washington Daily Merry-Go-Round', the following false, scandalous and defamatory libel:

" 'A hot behind-the-scenes fight is raging in Democratic congressional ranks

over the effort of Father Coughlin to prevent the appointment of a Jewish judge in Cleveland.

" 'The proposed appointee is Emerich Burt Freed, U. S. District Attorney in Cleveland and former law partner of Senator Bulkley, who is on the verge of being elevated to the U. S. District Court.

" 'This has aroused the violent opposition of Representative Martin L. Sweeney, Democrat of Cleveland, known as the chief congressional spokesman of Father Coughlin.

" 'Basis of the Sweeney-Coughlin opposition is the fact that Freed is a Jew, and one not born in the United States. Born in Hungary in 1897, Freed was brought to the United States at the age of 13, was naturalized 10 years later.

\* \* \*

" 'Irate, Representative Sweeney is endeavoring to call a caucus of Ohio Representatives December 28 to protest against Freed's appointment.'

"Meaning and intending to convey that plaintiff is guilty of racial prejudice against persons of Jewish origin and guilty of conduct unbecoming a public officer and to hold plaintiff in contempt in the eyes of his constituents and clients he represents in a professional capacity."

The law is well settled that an alleged libelous article must be considered as a whole and the plaintiff should set it forth at length in order that its true meaning and the intent of its author may be construed and determined. Adirondack Record, Inc., v. Lawrence, 202 App.Div. 251, 195 N.Y.S. 627; Cortright v. Anderson, 208 App.Div. 1, 202 N.Y.S. 729; Sullivan v. Daily Mirror, Inc., 232 App.Div. 507, 250 N.Y.S. 420; Schwimmer v. Fox, 150 Misc. 562, 271 N.Y.S. 82.

The defendant is also entitled to know what portions of the article plaintiff will contend upon the trial, are false. The fifth paragraph of the complaint charges that all of the portions of the article quoted therein are false. It is apparent from the context that such is not the case. For example: "The proposed appointee is Emerich Burt Freed, U. S. District Attorney in Cleveland and former law partner of Senator Bulkley, who is on the verge of being elevated to the U. S. District Court." Does the plaintiff intend to show the falsity of this statement?

In A. J. White v. Pease, et al., C.C., 82 F. 562, the Circuit Court in this Circuit stated, at pages 562, 563: "It is perfectly plain, however, that plaintiff has not the remotest intention of contending at the trial that every assertion contained in each of the alleged libels is false, and proper practice should require it to set forth in some way what portions are claimed to be libelous and false. The proper way to do this is by a bill of particulars, and there is no reason why there should be a second motion and a second argument to determine what such bill should contain."

See also: Cromwell v. Norton, 235 App. Div. 546, 257 N.Y.S. 788; Powers v. Healey, N.Y.Sup.Ct. Bronx Co.;[1] Curley v. Harper & Bros., N.Y.Sup.Ct. N.Y. County,[1] affirmed 250 App.Div. 849, 296 N.Y. S. 988.

Motion for bill of particulars granted.

---

[1] No opinion for publication.