Irving H. Saypol, J.
Motion by the defendant to vacate or modify the plaintiff’s demand for a bill of particulars of the defendant’s affirmative defenses, entire and partial, is granted to the extent of striking items 1 and 2 and it is otherwise denied.
The action is in libel based on the admitted article of the plaintiff published in the March, 1955 issue of the defendant’s magazine. True, it is only under unusual circumstances that the court permits an order compelling the giving of names and witnesses in advance of trial (Goakes v. City of Oneida, 180 App. Div. 118, 119-120). But in special circumstances, distinguishable from the logic of withholding names in the negligence case in Goakes (sufra) where the defenses plead the truth, it may be argued with logic too that corruption of witnesses or their substitution should be avoided by directing their identification before the trial. The admission of the publication and its application to the plaintiff of the defamatory matter creates the presumption of its falsity to be overcome by the defendant on its defenses of justification (Cromwell v. Norton, 235 App. Div. 546, 547). The call girl with whom the plaintiff was said by the defendant to have spent his wedding night and the witnesses to the lewd and obscene performances which the plaintiff assertedly staged and *1033 participated in should be named now. The same holds as to prostitutes and narcotics addicts of whom the defendant wrote concerning activities and associations with the plaintiff. The essential demands in each of the items are for dates and places in addition to names of participants.
The items should be furnished (Kleiman v. Beech Nut Packing Co., 259 App. Div. 593; Cromwell v. Norton, 235 App. Div. 546, supra; Polakoff v. New York World-Telegram Corp., 140 N. Y. S. 2d 814).
Settle order directing service of the bill of particulars, as modified, within 30 days of the service of a copy of the order.