Felix J. Atjlisi, J.
In this action for slander the plaintiff has moved for an order vacating and setting aside the defendant’s demand for a bill of particulars, or in the alternative, modifying same.
The complaint alleges that “on or about the 4th day of October, 1961, while the plaintiff was an employer and stockholder of Segel’s Jewelers of Amsterdam, N. Y., Inc., the defendant contriving and maliciously intending to injure this plaintiff in her good name, fame, reputation and credit, and to bring her into public shame, infamy and disgrace, in and among her friends, and to cause her to be shunned and to be suspected by these friends, in the presence and hearing of divers persons, falsely and maliciously spoke of and concerning the plaintiff,” certain false and defamatory words. The allegation is followed by a detailed statement of the words which are claimed to be false and defamatory. The answer denies the material allegations of the complaint and for a second, separate answer, and partial defense, and in mitigation of plaintiff’s cause of action, *592 defendant alleges that on or about October 4, 1961 and prior thereto, plaintiff was of bad character and reputation.
After issue was joined, defendant served a demand for a bill of particulars. Among the items demanded were the names and addresses of the person and/or persons alleged to have shunned and suspected plaintiff; in what respect and how plaintiff’s good name, fame, reputation and credit was injured and damaged; in what respect and how plaintiff was publicly shamed and disgraced among her friends; the names and addresses of all of plaintiff’s present and past employers; a statement of all of plaintiff’s past occupations; a statement of the present business or occupation of the plaintiff; the name and address of her employer and a statement of her weekly, monthly and/or yearly earnings, and a statement as to whether or not her earnings were affected by reason of the alleged defamatory statements. These items are addressed to matters of general damage.
The general rule that particulars of general damage may not be had, and particulars of special damage may be had only when special damages have been pleaded, applies to actions of a defamatory nature. By general damage is meant the damage which the law presumes must naturally, proximately and necessarily result from the publication, and special damage is such as is the natural and proximate, but not the necessary, result of the libelous publication (Le Massena v. Storm, 62 App. Div. 150). The statement alleged to have been uttered by the defendant is slanderous per se. It imputes adultery or unchastity to a woman (Rules Civ. Prac., rule 97). In such a case defendant is not entitled to a bill of particulars of the item of the general damage sustained. Where a statement uttered is slanderous per se, the law presumes general damages to have been sustained, and it is not necessary, in order to justify a recovery on that ground, that the damages should have been specifically pleaded or proved’. But when it is sought to recover special damages the same must not only be pleaded, but proved (Town Topics Pub. Co. v. Collier, 114 App. Div. 191). The plaintiff alleges no special damages in this action.
The factor which renders the making of a slanderous statement actionable is its publication. A charge of slander does not necessarily mean that there has been a defamatory statement, nor does it follow that the defendant necessarily spoke the words. That is a matter of proof. Consequently, where the defendant denies saying the matter complained of, there is an issue. It follows that the defendant is entitled to notice of the time when and the place where the slander is alleged to have been spoken, in order to avoid surprise (Mason v. Clark, 75 App. Div. 460; *593 O’Brien v. Wicklow, 67 N. Y. S. 2d 521; Cromwell v. Norton, 235 App. Div. 546; Rowe v. Washburne, 62 App. Div. 131). But the rule has not been carried to the extent of requiring the exact time (Bertuch v. Dower, 6 Misc. 601; McCarron v. Sire, 3 N. Y. S. 659).
Unless some person not entitled to do so has heard the defamatory matter, no wrong has been committed. The gravamen of slander is the utterance of the defamatory matter before at least one such person. Where, as in this case, the complaint charges that the defamatory matter was uttered ‘‘ in the presence and hearing of divers persons ’ ’, the defendant is entitled to know the name of at least one person that plaintiff claims heard the defamatory matter (Kleiman v. Beech-Nut Packing Co., 259 App. Div. 593; Rowe v. Washburne, supra). Accordingly, the plaintiff should furnish the information required in the item of the demand numbered “ 1 ” to the extent that the name of at least one person, who plaintiff claims heard the alleged defamatory statement, should be given. If at the trial it appears that others than those named by the plaintiff in the bill of particulars were present at the time referred to in said bill, then it should not be construed that my decision herein precludes them from giving testimony (Mason v. Clark, supra).
The plaintiff should also furnish the answer demanded in item numbered “2” except that the exact time of the speaking will not be required. The items of the demands numbered “ 3 ”, “4 ”, “5”, “11”, “12”, “13” and “14” are stricken for the reason that they are elements of general damage.
The purpose of the bill of particulars is to make the pleading certain, apprise the defendant of the nature of the claim, avoid surprise, open the way to permit the issues to be met intelligently, to get a just result, and, as far as possible to transform a trial from a mere game of wits into a determination on the merits of the rights of the adversaries after presentation of all relevant considerations favorable to each as well as development of the weakness of both sides. The demand for and allowance of “ particulars ” ought not to be beyond the necessity of the case (Matter of Herle, 157 Misc. 352; McCarron v. Sire, supra). The burden is upon the defendant to establish his defense by showing the truth of his allegations. The plaintiff is not required to furnish information to assist the defendant’s case.
Therefore, I hold and decide that, in my opinion, the items of the demand numbered “6”, “7”, “8”, “9”, and “10” referring to plaintiff’s age, place of birth, maiden name, prior marriages, divorces, and criminal record, should be stricken. Item numbered “ 15 ” is a proper demand and shall stand.