Harold L. Wood, J.
This is a motion by the third-party defendants to dismiss the third-party complaint on the ground that it fails to state a cause of action.
The third-party plaintiff, WWLE, Inc. (hereinafter, “ WWLE ”) and the third-party defendant, Beacon Broadcasting Corp., also known as WBNR (hereinafter, “ WBNR ”), are competing radio broadcasting stations in the Cornwall-Beacon area. The plaintiff Donald E. Kidwell (hereinafter, “ plaintiff ”) was an employee of WWLE until December, 1972. Since then, and until the present, he' has been an employee of WBNR. The remaining third parties are officers, employees or agents of either WWLE or WBNR. For convenience of reference, the third-party plaintiffs will be referred, to collectively as WWLE, and the third-party defendants as WBNR.
As concerns this motion, the complaint alleges that during February and March, 1973 WWLE prepared a tape recording which falsely maligned the plaintiff with respect to his good character and reputation and that the contents of this recording were maliciously communicated by WWLE to others, including but not limited to WBNR. On the basis thereof, the plaintiff seeks damages for defamation in the amount of $340,000. The complaint also alleges that the aforesaid defamation, and additional defamatory statements and malicious conduct o.n the part of WWLE, were part of a conspiracy by WWLE to intentionally destroy the plaintiff’s good character and ability to earn a livelihood. For this, the plaintiff seeks an additional $1,000,000 from WWLE as punitive damages.
*318 In the third-party complaint W WLE admits the existence of the tape recording and that its contents were disclosed to WBNR. It alleges, however, that the disclosure was at the latter’s request. It also alleges that the recording concerned “ a topic of common interest * * * in that it related to a subject matter of which both parties had an interest, mainly the plaintiff ”, that the disclosure by it to WBNR was “ qualifiedly privileged ” and that the communication by WBNR to the plaintiff of the existence and content of the tape recording was motivated ‘by malice toward W WLE and constituted a “ breach ” of the afore-mentioned qualified privilege. On this basis W WLE seeks full indemnity from WBNR.
Initially it must be noted that neither the complaint nor the third-party complaint alleges any conduct on the part of WBNR which would be directly actionable by the plaintiff. Assuming the truth of the pleadings, as the court must on a motion such as this (Epps v. Yonkers Raceway, 21 A 3) 2d 798), the communication of the allegedly defamatory material by 'WBNR to the plaintiff would not constitute a ‘ ‘ publication to a third person ” and would thus not constitute an actionable wrong as between the plaintiff and WBNR (see Youmans v. Smith, 153 N. Y. 214; 34 N. Y. Jur., Libel and Slander, § 59). Absent special circumstances, none of which are alleged in this case (see 24 A. L. R. 237; 46 A. L. R. 562), the mere communication of defamatory material to the one defamed causes no compensable injury (Youmans v. Smith, supra; Segel v. Barnett, 34 Misc 2d 591). As such, WBNR would not be a cause of the plaintiff’s injury and would not be a joint tort-feasor vis-á-vis W WLE. The question is then whether there is some other ground upon which W WLE can look to WBNR for indemnity. Notwithstanding the liberal policy towards sustaining third-party actions at the pleading stage, this court can find no sound basis for sustaining WWLE’s claim over.
The gravamen of the third-party complaint, so far as the court can determine, is that the communication of the allegedly defamatory material by WWLE to WBNR was qualifiedly privileged and that WBNR breached that privilege by disclosing the material to the plaintiff. A communication is qualifiedly privileged if made in good faith on any subject in which the person communicating has an interest, or in reference to which he has a duty, if made to person having a corresponding interest or duty. It is a defense to be affirmatively alleged, and when interposed, it shifts the burden to the plaintiff to prove actual malice (35 N. Y. Jur., Libel and Slander, § 93). Without citing any *319 authority or supporting rationale, WWLE is attempting to premise its claim for indemnity upon a so-called “ breach ” of the qualified privilege by WBNR. In effect, it is using the doctrine of qualified privilege as a sword, when it was o,nly intended as a shield. In so doing, it is presupposing some sort of duty on the part of the one to whom a privileged communication is made; a duty not to relay the privileged communication to the one about whom it relates. Even assuming that such a duty exists, which has never before been recognized, there would be no legal consequence from the breach of such duty. As already noted, the communication of defamatory material to the one defamed gives rise to no actionable wrong. A fortiori, the communication of a privileged defamation to the one defamed would not be actionable. In this case the breach of such a “ duty ” would damage neither the plaintiff nor WWLE..
With respect to. the strained interpretation which WWLE would give to the meaning of “ qualified privilege ”, it is apparently equating the term with a privileged or confidential communication as used in an evidentiary context, i.e., a confidential communication which is vested by law with a privilege against disclosure (see Richardson, Evidence [9th ed.], § 425). In this regard it may be safely noted that were WBNR to be questioned in a judicial proceeding concerning the allegedly defamatory material, a claim of ‘ ‘ qualified privilege ’ ’ would be of no avail in preventing relevant disclosures.
Although the court feels that the foregoing is dispositive of this motion, it may also be noted that there is a line of cases which holds that a claim over is insufficient in law where it contains allegations which if established would preclude liability on the part of the original defendant (see, e.g., Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191, affd. 2 N Y 2d 898; Scivetti v. Niagara Mohawk Power Corp., 33 A D 2d 884; Anderson v. Liberty Fast Frgt. Co., 285 App. Div. 44; Kile v. Riefler Bros. Contrs., 282 App. Div. 1000). In the instant case if the defamatory material was privileged, as claimed, WWLE would not be liable to the plaintiff. It logically follows that if WWLE is not liable to the plaintiff, then WBNR could not be liable to WWLE for indemnity.
In short, there appears to be no sound basis upon which the validity of the third-party complaint can be sustained. On the contrary, the reasons for the dismissal of the pleading are compelling. Accordingly, this court has no choice blit to grant the instant motion.