■ LYNSI SMIGO, Appellant, v NYP HOLDINGS, INC., et al., Defendants, and COLLINS COMMUNICATIONS, INC., et al., Respondents. [915 NYS2d 259]—

Order, Supreme Court, New York County (Jane S. Solomon,

J.), entered March 17, 2010, which granted the motion of defendants Collins Communications Inc. and Steven P. Dowsett also known as Chaunce Hayden (Hayden) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The motion court properly dismissed the causes of action alleging slander per se and a violation of Civil Rights Law § 77. Plaintiff maintained that defendant Hayden committed slander per se by telling someone at the New York Post that he had viewed a video showing plaintiff having sex with a public figure. However, once defendants moved for summary judgment and submitted Hayden's affidavit in which he stated that he had told an employee of the paper that he had not seen the alleged tape of plaintiff, the burden then shifted to plaintiff to establish that he had indeed uttered the words quoted in a New York Post article to a third party by competent evidence, which plaintiff failed to do (*see Rowe v Washburne*, 62 App Div 131, 132 [1901]).

Since the article published in Steppin' Out Magazine and authored by Hayden does not contain any material that could be considered defamatory as to plaintiff, it cannot be shown that defendants Collins Communications and Hayden were negligent in publishing the story (*cf. Krauss v Globe Intl.*, 251 AD2d 191 [1998]). Thus, the dismissal of the remaining causes of action was appropriate.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.